TRACY H. SOUTHWORTH v. EDMUND C. PARKER, BETSEY A. PARKER, AMANDA M. DAVIS, ALPHONSO PARKER, DAVID D. ERWIN AND TRUMAN ASHE.

*Marshalling assets—Separate settlements by joint debtors.*

The rule of marshalling assets must be so applied as to protect and not destroy equities.

Where one of two tenants-in-common has paid his share of a joint mortgage, and the other has mortgaged his portion a second time, the former is entitled to a discharge, and the later mortgagee cannot have the first mortgage satisfied from the joint property, or postponed to his own on the ground that the release is in fraud of his rights.

Joint debtors can make separate settlements with their creditor. Comp. L., §§ 6199–6203.

Appeal from Muskegon. Submitted June 6. Decided June 17.

FORECLOSURE. Defendant Erwin appeals.

*George H. Southworth* for complainant. Mortgages must be given by the same debtor, to sustain a marshalling of assets, Story's Eq. Jur., § 642; where two owe a joint debt to one creditor, and one of them owes a separate debt to another, equity will not require the joint creditor to resort to the funds of one of the joint debtors so as to leave a several judgment in full force

against the funds of the other several debtor, unless the joint debt ought to be paid by only one, *Dorr v. Shaw*, 4 Johns. Ch., 17; *Exp. Kendall*, 17 Ves., 520; *Rathbone v. Clark*, 9 Paige, 648; *King v. McVickar*, 3 Sandf. Ch., 210; *Ayres v. Husted*, 15 Conn., 504; *Wise v. Shepherd*, 13 Ill., 41; *Stevens v. Church*, 41 Conn., 370.

*Smith, Nims & Erwin* for defendant Erwin. When a mortgagee with notice of several alienations of parts of the mortgaged premises, releases that part which is primarily liable in equity for the payment of the mortgage debt, he cannot charge other portions of the premises with the payment of the mortgage without deducting from the amount the value of the part thus released, *Guion v. Knapp*, 6 Paige, 35; *James v. Brown*, 11 Mich., 29; *Stevens v. Cooper*, 1 Johns. Ch., 425; *Deuster v. McCamus*, 14 Wis., 307; *Parkman v. Welch*, 19 Pick., 231.

COOLEY, J. The facts in this case out of which the controversy arises are few and simple. In May, 1874, Edmund C. Parker and Amanda M. Davis, being then tenants in common with equal interests, of a lot in Muskegon, gave jointly a mortgage thereon to one Delamater, to secure payment of the sum of $1,544.75. In the following January Parker mortgaged his undivided half for $1,200 or thereabouts to defendant Erwin. Subsequently complainant purchased the Delamater mortgage, and this suit is instituted to foreclose it. Erwin foreclosed his mortgage, and became purchaser of the interest covered by it in January, 1877, at the price of $1,000.

By October, 1876, Davis had paid considerably more than one-half the Delamater mortgage, and she called upon complainant for a release from its lien of her interest in the mortgaged land, claiming to have had an understanding with Delamater that she should have it. Complainant gave her the release, knowing at the time of the existence of Parker's mortgage to Erwin. The latter was made a defendant in this suit, and he filed

his answer, setting up the release to Davis, which he claimed was in fraud of his rights as subsequent incumbrancer, and entitled him to have complainant's lien on Parker's interest postponed to his own. The circuit court recognized the validity of this claim, and decreed a sale subject to Erwin's mortgage.

The decree has been made in supposed recognition of the familiar principle that where one has a lien upon two funds, and another has a subsequent lien upon one of them only, the former in protection of the interest of the other, shall resort first, for the satisfaction of his demand, to the fund which is not subject to the other's lien. *Cooper v. Bigly*, 13 Mich., 463. The most familiar instance of the application of the principle is where lands, after being once mortgaged, are subdivided and mortgaged in parcels to others; in which case the first mortgagee when foreclosing is required to recognize the several parcels as distinct funds for the satisfaction of his demand, and to sell them on foreclosure in the inverse order in which they were severally mortgaged by the owner. This is strictly equitable: it does not wrong the common debtor, to whose interests it is immaterial which parcels are sold first; and it is not unjust to the first mortgagee, who will resort in succession to all the parcels if it shall be found necessary. *James v. Brown*, 11 Mich., 25. The rule therefore protects the interest of subsequent mortgagees where it can be done without injustice to the first mortgagee or to the debtor.

But the principle is by no means universally applicable, and it could seldom be just if instead of a common debtor there were two or more whose interests in the funds were different. A modification of the rule might still be used, but it must be so applied as to protect equities,—not to destroy them. *Slater v. Breese*, 36 Mich., 77.

If A and B were to join in a mortgage of their several parcels of land, for a common debt, and A were after-

wards to mortgage his own separately for his individual debt, the injustice of requiring the first mortgagee to satisfy the joint debt from B's parcel alone, if that should be sufficient, would be very manifest. It would be imposing upon B the whole of the common debt, where equity required of him only an equal contribution. It would be robbing B for the advantage of the creditor of another person who could have upon him in respect to it no equitable claims whatsoever.

This is the same injustice that would be accomplished by the decree in this case. The respective individual interests of Parker and Davis have been regarded in the light of an ownership of distinct parcels, and the decree in effect charges upon the interest of Davis the whole of the joint mortgage. It adjudges that no part of what Parker should pay on the joint debt shall be collected from his interest until the interest of Davis is exhausted and a balance shall be found to remain unpaid. No matter that Davis had already paid more than her half of the debt; she must pay the whole, or her interest in the land must pay it if sufficient for the purpose. Thus Davis, by having the misfortune to be joint owner with Parker of a mortgaged lot, becomes liable to have her property sold to pay his subsequent mortgages.

There are no authorities which sanction such a doctrine, and if there were any, they could only be regarded as inadvertent departures from reason and justice. Davis had already done all that equity required of her when she had paid one-half of the joint demand, and complainant wronged no one when he released to her. He certainly could not wrong Erwin by the release unless Erwin had a right to require the undivided interest of Davis to be first sold to satisfy complainant's mortgage; and such a right, as has been seen, cannot be recognized. Parker's interest should pay his own debts. The statute of 1859 (Comp. L., §§ 6199–6203)

recognizes the equity of joint debtors to make separate settlements with the creditor, as was done in this case.

Other questions which were discussed at bar become immaterial. The decree must be modified to conform to these views and complainant will be entitled to recover costs against defendant Erwin. There is an item of taxes paid by complainant for the year 1876 which seems to have been overlooked in the court below and must be included in the decree.

MARSTON and GRAVES, JJ., concurred: CAMPBELL, C. J., did not sit in this case.