## Jacob Schoenewald, Impl'd,

### v.

### Jacob Dieden.

1. Joint mortgagors.—One of the makers of a joint and several obligation for the payment of money, secured by their joint mortgage upon land owned by them as tenants in common, cannot, upon payment by him of one-third of the amount due, compel the mortgagee when he files his bill to foreclose, to first resort to the undivided two-thirds interest of his co-tenants to satisfy the unpaid balance due, before subjecting the entire estate covered by the mortgage to such payment.

2. Right of subrogation.—The true rule in such cases is to require payment of all or either of the mortgagors, according to their undertakings, and if, as between themselves, either is compelled to pay more than his equitable share, he may be subrogated to the rights of the mortgagee to enforce contribution from his co-obligors.

Appeal from the Circuit Court of Cook county; the 'Hon. M. F. Tuley, Judge, presiding. Opinion filed March 1, 1881.

This was a bill in equity, brought by appellee to foreclose a mortgage executed by James Ellis, John Heiland and appellant, Jacob Schoenewald, to secure their four joint and several promissory notes, dated June 22, 1874, three for the sum of three thousand dollars each, and one for thirty-one hundred

dollars, payable respectively, in one, two, three and four years after date, all payable to appellee. These notes were given for the balance of the purchase-money of the premises described in the mortgage. The bill was in the usual form, and alleges that all the notes are due; that the first of said notes has been paid; that $1,640 has been paid on the second note; that $1,-200 has been paid on the third note, and $300 on the last note, and that the balance of said notes remains due and unpaid. Prayer for decree in the usual form.

The answer of Heiland admits the purchase of the land the making of the notes and mortgage, but does not admit that the amount claimed is due, nor that he owes any part of what remains unpaid. Avers that he has paid $4,000 since the mortgage was made, and more than his share of the indebtedness ; calls for proof as to the amount due, and asks that the equities between the parties may be settled, and each party be required to pay his portion. Says that Ennis has, since the making of the mortgage, made a conveyance to Heiland unknown to the latter, of his, Ennis', interest in the premises, and thereby sought to evade his liability on the notes.

Ennis answers, admitting the purchase of the property, the making of the notes and mortgage to secure the purchase money, and alleges that he has paid on account of the purchase $2,000. Says that in September, 1875, he had a settlement with Heiland, and was found to be indebted to him, and that in settlement of said indebtedness he conveyed to Heiland his interest in the premises in question, and that Heiland was to assume and pay his, Ennis', share of the notes, and to keep him harmless from liability on the notes and mortgage ; and that since the conveyance to Heiland, he, Ennis, has had no further connection with the matter.

Defendant Schoenewald, appellant here, answered, admitting the purchase of the property by himself and his co-defendants, Ennis and Heiland, the giving of the notes for the balance of the purchase-money, the execution of the mortgage to secure the same, but he alleges that at the time of the purchase of the property it was fully understood and agreed by

Schoenewald v. Dieden.

and between the complainant and Ennis, Heiland and himself, that they were each purchasing an undivided one-third part of the premises, and that each of them was to be liable for one-third part of the purchase-money only; and that in pursuance of such agreement and understanding, when the first of said notes matured, each contributed their respective third parts, and said note was paid and taken up. That from time to time, as subsequent notes matured, appellant paid his one-third part, which was accepted by appellee in full satisfaction of appellant's liability thereon; that when the last of said notes' became due, appellant paid to appellee $300 to apply thereon, and soon thereafter offered to pay the balance of his one-third part thereof, but that appellee refused to execute a release of said mortgage upon appellant's undivided one-third of the premises, and appellant declined to pay the balance of his one-third part of said note unless such release should be made. Avers his readiness to pay the balance of his one-third part of said note upon appellee's releasing his one-third interest in the land; asks that an accounting may be had, and his interest in the premises be released from the mortgage on payment of balance of his one-third part of the note.

Having answered, appellant filed his cross-bill, setting forth in substance the matters stated in his answer, and charging that Dieden and Heiland are seeking to charge him with the entire balance of the indebtedness; prays that the premises may be partitioned, and each owner's portion be charged with his share of the indebtedness by him unpaid, and that complainant's interest in the premises may be relieved from the payment of the indebtedness of his co-tenants; that an accounting may be had as to the amount properly chargeable against each, and that Dieden may be required to release from said mortgage Schoenewald's interest in the property on his paying the balance of his one-third of the last note.

Answers were filed to the cross-bill, to which there were replications, and upon a final hearing the court found that there was due to appellee the sum of eight thousand eight hundred and fifty and $\frac{49}{100}$ dollars; that the notes constituted a joint and several obligation of the defendants Heiland, Ennis and

Schoenewald; that the complainant Dieden did not in fact release Schoenewald from his obligation as a joint-maker of the notes, nor either of them, and that he was not entitled to the relief prayed for in his cross-bill. The court accordingly dismissed the cross-bill, and rendered a decree in the usual form, for the sale of the entire premises described in the mortgage, to satisfy the amount found due.

Schoenewald brings the case to this court for review, and assigns various errors.

Mr. D. J. AVERY and Mr. H. D. P. HOISER, for appellant; cited Ballance v. Underhill, 3 Scam. 453; Smith's Chancery Pr. 459; Mitford's Pl. 97; Renwich v. McComb, Hopkins, 227; The Union, etc. v. Van Rensselaer, 4 Paige, 85; Chicago Artesian Well Conn. Mut. Life Ins. Co. 57· Ill. 424; Robins v. Swain, 68 Ill. 197.

Mr. FRANCIS LACKNER, for appellee; that payment of a smaller sum cannot be pleaded in satisfaction of a larger, unless accompanied by a release under seal, cited Kingsly v. Kingsly, 20 Ill. 203.

A release need not be under seal where the debt is fully paid: Ryan v. Dunlap, 17 Ill. 40; White v. Walker, 31 Ill. 423.

Any discharge must be under seal, or based upon a good consideration : Jackson v. Stackhouse, 1 Cow. 226; Crawford v. Millspaugh, 13 Johns, 87.

In this State interest is allowable at the contract rate until the day of trial: Phinny v. Baldwin, 16 Ill. 108; Etnyre v. McDaniel, 28 Ill. 201; Thompson v. Hoagland, 65 Ill. 310.

WILSON, J.  This case was argued and submitted during the last March term of the court, and judgment was rendered affirming the decree of the court below. Subsequently a petition for a re-hearing was filed by appellant, which was allowed, and the case has been again submitted upon printed arguments.

A careful consideration of the case has brought us to the same conclusion reached by us at the former hearing. It is alleged by appellant that at the time of the purchase of the

property in question, there was an understanding and agreement between Dieden and Schoenewald, Ennis and Heiland, that the latter were each to become the owners of an undivided one-third interest in the land, and that appellant was to be liable for the payment of one third only of the amount of the notes given for the purchase-money, and that his interest in the property was to be chargeable only for his one-third liability.

Upon this allegation of fact testimony was heard on both sides, and the court below found that the allegation was not sustained by the proof. We cannot say that the finding is against the preponderance of the evidence. The notes secured by the mortgage were the unconditional joint and several undertakings of the three makers, while the mortgage by its express terms covers the entire undivided interest of the mortgagors who made the notes. These instruments are presumed to express the real agreement of the parties, and, conceding it to be competent to show that the agreement was otherwise than as expressed in the instruments themselves, the court below, who saw and heard the witnesses, is quite as well qualified to judge as to the weight of the evidence upon which it based its findings, as is an appellate tribunal, looking only upon the record. The burden of proving the alleged agreement rested upon appellant. The question of fact was submitted to and passed upon by the court adversely to appellant.

Treating, as we must, the alleged agreement as not proven, appellant's case is left to stand or fall upon the proposition that one of three makers of a joint and several obligation for the payment of money, secured by their joint mortgage upon land owned by them as tenants in common, may, upon payment by him of one-third of the amount due, compel the mortgagee when he files his bill to foreclose, to first resort to the undivided two-thirds interest of his co-mortgagors to satisfy the unpaid balance due, before attempting to subject the entire estate covered by the mortgage, to such payment. It will be noticed that the prayer of the cross-bill goes further than this, and asks that the land be partitioned; that Schoenewald's one-third interest be set off to him in severalty, and

that upon the payment by him of the balance of his one-third part of the notes, his divided one-third of the lands may be wholly freed and discharged from the lien of the mortgage.

We are aware of no rule of law nor of any adjudicated case upon which either proposition can be maintained. Neither the rule in relation to selling in the inverse order of alienation, nor the doctrine in relation to principal and surety, has any application to the facts of the present case. No sale was made of a portion of the premises, or of any interest therein, subsequently to the making of the mortgage, except the alleged conveyance by Ennis of his one-third interest to Heiland; but that was a sale to a co-mortgagor, nor is Heiland here making any complaint.

But the defendants were joint and several promisors. They were all equally principals. Each was primarily liable to pay the entire sum, and appellee was entitled to receive his whole debt from either. And so when they united as tenants in common in the execution of a joint mortgage for their joint debt, neither one of them had any equity as against the mortgagee to compel him to receive one-third of the debt, and to proceed against the other co-tenant's interest in the land for the collection of the balance. And this has been held to be the rule, even though a bond of indemnity against ultimate loss be tendered to the mortgagee: Frost v. Bevins, 3 Sanf. 188.

The true rule in such cases is to require payment of all or either of the mortgagors, according to their undertakings, and if, as between themselves, either is compelled to pay more than his equitable share, he may be subrogated to the rights of the mortgagee to enforce contribution from his co-obligors. These views are fully sustained by the text in Jones on Mortgages, § 1617, citing Frost v. Bevins, *supra*. In that case the assistant vice-chancellor says: " Both of these parties are principal debtors, each liable to the complainant for the whole debt secured by the joint mortgage, and he has a right to compel either of them to pay the whole debt. The doctrine of surety is not applicable. They joined in mortgaging the premises, and probably intended by that act to have a sale of the whole,

if any sale became necessary.  *  *   If they had intended a different result, they should have given separate mortgages.  A mortgagee cannot be driven to sell an undivided half part for the payment of half his debt." This case is decisive of the present, and we know of no case holding a contrary doctrine. We are therefore of the opinion that the action of the court below in dismissing appellant's cross-bill was right, and that the relief decreed was proper.

Decree affirmed.