COUNTY COMMISSIONERS POLK COUNTY, APPELLANTS, VS. C. E. JOHNSON & CO., APPELLEES.

1. A supersedeas to a judgment awarding a peremptory writ of mandamus which has not been performed stays the execution of the writ, but does not undo the previous full performance thereof.

2. Where, after an appeal taken from a judgment granting a peremptory writ of mandamus, a supersedeas is granted, but the defendants in the writ, who are appellants, have in the interim performed its commands, an attachment will not issue against the relators for availing themselves of the benefit of such performance as a contempt of such supersedeas granted without notice of the performance.

3. A performance of the requirements of a peremptory writ of mandamus is not a bar to an appeal from the judgment awarding the writ.

Appeal from the Circuit Court for Polk county.

The facts of the case are stated in the opinion.
37

*G. A. Hanson* for the motion.

*J. B. Wall* contra.

Mr. Justice Raney delivered the opinion of the court:

This is a motion for a rule upon the appellees to show cause why they should not be attached for violating a supersedeas granted by a Justice of this court.

It now appears that intervening the entry of the appeal and the granting of such order the writ of mandamus was obeyed, and the appellees obtained the license to sell liquor from the Collector of Revenue. This was of course unknown to myself or the other Justices of the court with whom I consulted and with whose concurrence I acted when I made the order.

A supersedeas to a final judgment not performed stays the execution thereof, but does not undo the performance of such judgment which has been fully performed. 5th Fla., 234; 19 Wall., 661. The rule is denied. This denial, or such performance, however, does not affect the appeal, which stands for such disposition as may be proper. 3 Otto, 150.