LEVI S. BURROWS, PLAINTIFF IN ERROR, VS. ROBERT D. MICKLER, DEFENDANT IN ERROR.

A defendant in execution delivered to the sheriff an amount of money sufficient to satisfy it upon agreement with the sheriff that it should be returned if a supersedeas to the judgment was obtained by a certain time, and if not the amount should be applied to the full satisfaction of the execution. No supersedeas having been obtained within the time stated, the sheriff paid over to the attorneys of the plaintiff in execution in satisfaction thereof a sufficient sum to cover the amount thereof, interest and costs ; *Held*, That the defendant in execution did not waive his right to prosecute a writ of error to the judgment, upon which such execution was issued.

Writ of error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Doggett & Buckman* for the motion.

*M. C. Jordan,* contra.

Mr. Justice Raney delivered the opinion of the court:

Mickler, the defendant in error, moves to dismiss the writ of error.   He had a money judgment against Burrows and the writ of *fi. fa.* was in the hands of the sheriff.   The real grounds of the motion are that the judgment and executions have been satisfied and voluntarily paid by Burrows, and that this was done before any supersedeas issued or was served.   The motion is supported by the following return or certificate made by the sheriff on the execution. " I hereby certify that I received the within execution on the 15th day of August, 1885.   Executed the within writ in the following manner : On the 28th day of January, 1886, the defendant, to avoid levy hereunder, paid to the sheriff $232.04, being the amount of the within judgment, costs and interest to the 15th day of February, 1886 ; said amount so paid was paid under the following understanding and with the following agreement : That in the event a supersedeas should issue on or before the 15th day of February, 1886, in the within entitled cause, the amount so paid should be returned to said defendant, and in the the event no supersedeas should issue on or before the 15th day of February, 1886, said amount to be applied to the full satisfaction of this execution.   No supersedeas having issued on or before February 15, 1886, so

much of said amount as satisfied said judgment as to the judgment, interest and costs was paid to Doggett & Buckman, attorneys for plaintiff herein. That afterwards defendant's attorney gave notice to the sheriff of the issuance of a supersedeas, since which time the sheriff has done nothing in the premises."

It is apparent that the purpose of Burrrows, as shown by the above agreement between him and the sheriff, was that the money put into the sheriff's hands by him should not operate as a payment of the execution until the 16th day of February, 1886, nor at all if the supersedeas should be obtained on or before the 15th day of such month. There is no agreement either in form or effect not to take a writ of error. The writ lies without a supersedeas.

The case before us is in effect that the defendant in judgment and execution has paid the amount necessary to satisfy them. Counsel for the motion has shown no authority to support the idea that such payment by a defendant in execution amounts to a waiver of the right to have the judgment reviewed by appeal or writ of error.

Authorities cited by counsel opposing the motion, as well as all other decisions which we have found in our investigation, are to the effect that such payment does not waive this right. See County Commissioners vs. Johnson & Co., 21 Fla., 577 ; Richerson vs. Ryan, 14 Ill., 74 ; Erwin vs. Lowry, 7 How., 172 ; O'Hara vs. MacConnell et al., 93 U. S., 150 ; Gregg vs. Forsythe, 2 Wall., 56 ; Close vs. Stuart, 4 Wend., 95 ; Mayor, &c., vs. Recker, 38 N. J., (9 Vroom) 225 ; Scott vs. Conover, 5 Halsted, 61 ; Randolph vs. Bayles, 1 Pennington, 49 ; Anonymous, 2 Ibid, 469. In County Commissioners of Polk Co. vs. Johnston & Co., 21 Fla., 577, we held that the performance by respondents of the command of a peremptory writ of mandamus was not a bar to an appeal from the judgment

·awarding the writ. In Pittman vs. Churchill, 4 Mass., 516, it was held even that an agreement not to appeal from a judgment did not preclude the taking of a writ of error. In Richerson vs. Ryan, *supra*, it is said Richerson "was at liberty to pay off the judgment at once and thereby prevent the accumulation of interests and costs. By so doing he did not waive his right to remove the record into this court for the purpose of having the validity of the proceedings tested and determined."

The motion is denied.