CHARLES B. WALKER, APPELLANT, VS. JAMES D. SARVEN, APPELLEE.

1. Where tenants in common purchase land execute their joint note for the purchase price, and the grantor reserves a lien upon the land sold to secure the note, such tenants in common, while jointly bound to the vendor for the whole debt, are, as between themselves, each equitably bound to discharge one-half of the same; and if either voluntarily or under compulsion of law pays more than his one-half thereof, he is entitled to maintain a suit for contribution against his cotenant, and can enforce his right to contribution as against his cotenant's interest in the land.

2. Where a vendor files a bill against tenants in common to enforce his lien for purchase money due by them jointly for land sold them, but the bill contains no allegations or prayer, and the answers assert no claim, and no cross-bill is filed for the purpose of settling in that suit the rights of contribution between the defendants as tenants in common, and it does not appear that one of the defendants has paid more than one-half the original purchase money debt, it is error to decree that the interest of one of the tenants in common be first sold to pay the decree for purchase money, and if it sells for a sum sufficient to pay the sum decreed, that the interest of the other tenant in common be not sold. In such case the decree should direct the sale of a sufficiency of the whole property and the interest of every defendant therein to pay the purchase money debt, leaving the defendants to institute proceedings to adjust the rights of contribution, if any exist between them, as they may see proper.

3. The rule requiring that where lands are mortgaged to secure a debt, and a part of the lands are subsequently sold and con-

Walker v. Sarven.—Statement of Case.

veyed by the mortgagor, the portion unsold is primarily liable under the mortgage, does not apply to the case where tenants in common jointly mortgage the joint property for a joint debt and one of them subsequently sells and conveys his entire interest to another person subject to the incumbrance. In such case the whole property is still liable for the entire debt. and one tenant in common can not charge the whole joint debt primarily upon the interest of the other tenant in common by selling and conveying his own interest.

4. The fact that a decree for the sale of property has been executed by the master making the sale and executing a conveyance thereunder, does not prevent an appellate court from reversing such decree upon appeal taken after the sale, but if the purchaser's title acquired at such sale is such that a reversal of the decree will not affect it, the appellant will be left to his remedies for restitution as against the parties to the suit.

Appeal from the Circuit Court for Hernando county.

### Statement.

On August 5, 1893, appellee filed his bill in equity, in the Circuit Court of Hernando county, against appellant and George N. Sarven, Willie B. Mayes and her husband, James M. Mayes, alleging that complainant was on and before November 18, 1882, seized in fee and possessed of certain lands situated in Hernando county, therein particularly described, and on said day bargained and sold same to defendants Walker and Sarven for the sum of $3,579, for which sum said defendants executed a joint note due three years after date, with interest at six per cent. per annum from date, payable annually, reciting therein that the consideration therefor was "a tract of land in Hernando county, State of Florida, this day purchased from said Sarven, and for which he has executed to us his deed in which a lien

is retained for the payment of this note;" that upon the
execution of said note complainant made and delivered
to said defendants a deed conveying said lands, in which
it was declared that "it is understood and agreed that
a lien is hereby retained on said land and every part
thereof for the payment of said purchase money note
for $3,579, and this deed is to be regarded as in opera-
tion until said note with its interest shall be paid;" that
this deed was duly recorded in the public records of said
county May 2, 1883; that on or about May 14, 1890,
complainant released his lien upon ten acres of the land
specifically described, same having been sold to one
John E. Walker by said defendant with his consent; that
on March 10, 1893, complainant instituted suit in the
Circuit Court of Hernando county against said defend-
ant to recover the balance due on said note, and on
April 4, 1893, obtained final judgment therein for $3,-
643.10 and costs; that execution duly issued on said
judgment, and on April 10, 1893, no other property of
said defendants being found, was levied on all of said
land except the ten acres; that on May 26, 1893, the
defendant Willie B. Mayes filed in said Circuit Court her
bill of complaint against complainant alleging that she
was seized in fee and possessed of an undivided one-half
interest in the lands advertised to be sold under said ex-
ecution; that she was so seized and possessed under and
by virtue of certain deeds to her by defendant George
N. Sarven and one Wiley J. Embry for the one-half in-
terest in said lands which defendant George N. Sarven
had under the deed from complainant before mentioned;
that she was so seized and possessed from the 19th day
of Mch, 1890; that she "has always recognized the facts
as stated in the deed executed by James D. Sarven to
said George N. Sarven and Charles B. Walker, that
said James D. Sarven retained a vendor's lien on said

lands for the unpaid purchase money;" that her bill prayed for an injunction to restrain the sale of her half interest in the lands, and that a temporary injunction issued in accordance with said prayer on May 26, 1893. The bill further alleged that when Willie B. Mayes purchased the half interest in said land from Embry who had purchased from George N. Sarven, she had actual as well as constructive knowledge that complainant held a vendor's lien for the purchase money, and that the note given therefor had not been paid, and that when she filed her said bill she well knew that the judgment under which complainant sought to sell said lands was for the remainder of said purchase money and interest, and that all of said lands were subject to its satisfaction. The bill also alleged that no payments had been made on the purchase-money note except the following: by Sarven and Walker $244.21 January 27, 1886; by W. J. Embry $300 February 28, 1890; by Willie B. Mayes $1,299 June 12, 1891, $100 April 23, 1892, $214.72 September 21, 1892, and that the judgment before mentioned represented the true and correct amount due on the purchase money debt at the time of its rendition. The amended prayer of the bill asked that a vendor's lien be decreed in favor of complainant against said land and every part thereof except the ten acres released; that the land be decreed to be sold to pay complainant's judgment and the costs of suit and for general relief.

The defendant George N. Sarven filed his answer admitting the sale of the lands upon the terms stated in the bill, the execution of the note for purchase money and the deed of conveyance containing the clause quoted, as alleged in the bill. He also stated that on July 25, 1888, he sold and conveyed his undivided half interest in said lands to W. J. Embry; that Embry knew at the time of his purchase that only $244.20 had been

paid on the note for purchase money, and that the balance remained unpaid. He further stated that according to the best of his information and belief the common law judgment obtained by complainant represented the correct amount due on the purchase-money note.

The appellant Charles B. Walker filed his answer admitting the sale of the land, the execution of the note for purchase money, the delivery of the deed containing the clause quoted, the institution of the suit upon the note for purchase money, the recovery of judgment therein, and that this judgment represented the correct amount due for purchase money, as alleged in the bill of complaint. He also stated that after their purchase, Walker and Sarven entered into possession of the lands, improved, cultivated and set out orange and other fruit trees thereon until sometime in July 1888, when Sarven sold his half interest to W. J. Embry who, at the time of his purchase, had full knowledge of the unpaid purchase-money note; that Embry on or about March 19, 1890, sold said half interest to Willie B. Mayes who, with his (Walker's) consent, was let into joint possession of all said lands; that she had full actual notice that the purchase-money note was unpaid, and after her purchase made certain payments credited upon the note.

Willlie B. Mayes and her husband demurred to the amended bill, and upon their demurrer being overrulled filed their answer, admitting that complainant was on November 18, 1882, seized and possessed of the lands described in the bill; that he on that day sold same to George N. Sarven and Charles B. Walker, received their note for purchase money and executed and delivered to them a deed containing the clause quoted; that the deed was placed upon record; that complainant released his lien upon the ten acres of land described in

the bill; that complainant instituted the suit to recover balance of purchase money against George N. Sarven and Charles B. Walker obtained judgment, procured execution and levied same on the lands sold to Sarven and Walker; that thereupon Willie B. Mayes filed her bill containing the allegations and prayer, and that a temporary injunction issued, all as alleged in the bill. Said defendants further answering alleged that the temporary injunction was subsequently on December 18, 1893, made perpetual, and admitted that when Willie B. Mayes purchased the undivided half interest in the lands from Embry, who had purchased from George N. Sarven, she had actual as well as constructive notice that the complainant had a vendor's lien for purchase money on said lands, and that the note given therefor by Walker and Sarven had never been paid in full, and alleged that the deed from Embry to Willie B. Mayes recited the fact that all of the purchase money due complainant had not been paid.   Said answer also admitted 'that all payments ever made on complainant's purchase-money note were correctly stated in the bill, and alleged that all of said payments were made by said defendants or Embry, except the one  for $244.21 which was made by George N. Sarven and Charles B. Walker; that since the judgment against Walker and Sarven was obtained by complainant said respondents had repeatedly offered to pay it off, provided complainant would assign and transfer same to them, but that complainant had positively refused to do so; that respondents were willing to pay off said judgment then if complainant would transfer the judgment to them, or execute to them a good and sufficient deed of conveyeance to all the land.

The cause was set down for hearing upon bill and answers; and thereupon, on May 12, 1894, the court decreed in favor of complainant a vendor's lien upon all

the land described in the bill for the amount of the judgment, *viz*: $3,643.10 with interest from April 4, 1893; and further, that defendants Charles B. Walker and Willile B. Mayes pay to the complainant within thirty days said amount with interest and the costs of suit; that upon payment of said amounts complainant execute to said defendants Charles B. Walker and Willie B. Mayes a quit-claim deed to said land, reciting therein by whom such payment was made; that in default of such payment the lands as described in the bill (except the ten acres) be sold on a legal sale day at public auction for cash to the highest and best bidder before the court house door in said county, by a special master therein appointed, after giving public notice of such sale in the manner therein specified; that the one undivided half interest of defendant Charles B. Walker be first sold, and if the proceeds of such interest be not sufficient to satisfy said judgment and interest and the costs of the suit, that said master then immediately proceed to sell the other one undivided half interest in said lands of the defendant Willie B. Mayes, the costs of suit in either event to be paid equally by Charles B. Walker and Willile B. Mayes, and that the defendants and all persons claiming by, through or under them, or either of them, be forever barred from all equity of redemption of, in and to said lands and every part thereof. On August 6, 1894, the undivided interest of appellant in the lands mentioned in the decree, was sold under the decree to Dr. John Bowen for $4,130.55, the exact amount necessary to pay the amount mentioned in the decree and interest and the costs of suit. This was confirmed by the court on August 8, 1894, and on the 13th of August the proceeds of sale were applied to the payment of the amounts mentioned in the decree. Thereafter, on October 26, 1894, Charles B. Walker, in

the name of all the defendants entered an appeal from the decree of May 12, 1894, and caused to be issued and served upon George N. Sarven, Willlie B. Mayes and her husband James M. Mayes a summons to appear and join in the prosecution of the appeal. Said parties having failed to appear or join in the appeal, a severance was granted in this court on June 11, 1895, and an order made authorizing Charles B. Walker to prosecute the appeal as sole appellant. Charles B. Walker only assigns error in this court, and those assigned all relate to that feature of the decree only which directed that his undivided one-half interest in the land be first sold to pay the amount decreed.

The other facts in the case are stated in the opinion of the court.

*Angus Paterson*, for Appellant.

*Thomas M. Shackleford and Frank M. Simonton*, for Appellee.

CARTER, J.:

We have been unable to discover any principle by which that feature of the decree appealed from can be sustained. By their joint purchase George N. Sarven and Charles B. Walker became tenants in common of the lands conveyed to them by James D. Sarven, each being entitled to an undivided one-half interest therein. The debt for purchase money was a joint debt for the whole of which each was equally bound to James D. Sarven, and the grantor's lien reserved in the latter's deed of conveyance was a lien for the whole debt upon the whole property. As between themselves, however, George N. Sarven and Charles B. Walker were each

equitably bound to discharge one-half of the joint debt, and if either voluntarily or under compulsion of law paid more than one-half, he was entitled to contribution from the other for the excess. Wiley J. Embry purchased the undivided interest of George N. Sarven, with knowledge that the whole property was charged with the grantor's lien for the entire purchase price due by George N. Sarven and Charles B. Walker, and subsequently sold the same interest subject to the same incumbrance to Willie B. Mayes, a purchaser with like notice. By this purchase Willie B. Mayes became a tenant in common with Charles B. Walker of an estate charged with the prior incumbrance. While Mrs. Mayes may not have become personally bound for the debt due to James D. Sarven, her interest in the land was in her hands subject to the whole of that debt so far as James D. Sarven was concerned, though as between her and Charles B. Walker her co-tenant the respective interests of each were equitably bound for one-half of the purchase money debt. In proceedings to foreclose this prior incumbrance upon the joint estate, neither co-tenant was entitled to have the decree charge the other's interest with the entire debt, nor could either insist that the decree charge the interest of each with one-half or any other particular part of the debt, for the simple reason that the whole estate was equally liable, so far as James D. Sarven was concerned for the entire debt, and the decree should, therefore, have directed the sale of so much of the entire estate as would be sufficient to satisfy the debt and costs. Frost v. Frost, 3 Sandf. Chy. 188; Schoenewald v. Dieden, 8 Ill. App. 389; Perre v. Castro, 14 Cal. 519, S. C. 76 Am. Dec. 444; Hubbard v. Ascutney Mill Dam Co., 20 Vt. 402, S. C. 50 Am. Dec. 41; Southworth v. Parker, 41 Mich. 198, 1 N. W. Rep. 944. If either party

had paid more than his just share of the joint debt he could have maintained a suit for contribution against his co-tenant, and enforced his right to contribution as against his co-tenant's interest in the land. Gee v. Gee, 2 Sneed (Tenn.), 395; Furman v. McMillian, 2 Lea (Tenn.), 121; Newbold v. Smart, 67 Ala. 326. It may be questioned whether under any circumstances a suit to foreclose the joint lien can be converted into a proceeding for settling the equities between tenants in common growing out of their right to contribution, and for securing an adjustment of these rights by moulding the decree of foreclosure so as to protect them. These are matters of no concern to the lien holder, and it would seem unjust to require him to await the result of litigation between co-defendants, in which he is not interested, before obtaining the relief to which his lien entitles him, regardless of the result of the litigation between the co-defendants. Such equities certainly can not be adjusted in the absence of proper allegations in the bill of foreclosure putting in issue the question of contribution, or a cross-bill by the defendant claiming such equities to which the defendant against whom they are claimed is a party. Inglehart v. Crane, 42 Ill. 261. In this case no cross-bill was filed, the bill did not put in issue any question of contribution between the co-defendants, nor did the answer of any of the defendants claim contribution nor insist that any particular interest in the joint property be first subjected to the appellee's debt, nor state any facts to justify any such decree. The answer of Mrs. Mayes did not even show that she or her predecessors in interest had paid one-half of the original debt with interest, but, on the contrary, the payments so made aggregated less than one-half of the entire debt. The decree, therefore, charged Walker's interest not only with his one-half of the joint debt, but with a

portion of the other half which, as between him and Mrs. Mayes was equitably chargable upon her half interest in the land exclusively.

It is suggested in a brief purporting to have been filed in this court in behalf of Mrs. Mayes that the decree can be sustained by applying the rule that where lands are mortgaged to secure a debt and a part of the lands are subsequently sold and conveyed by the mortgagor, the portion unsold is primarily liable under the mortgage (Ellis v. Fairbanks, 38 Fla. 257, 21 South. Rep. 107), and that the lien reserved by James D. Sarven was a mortgage lien bringing it within the rule. But the rule does not fit the present case. Here we have tenants in common jointly mortgaging the joint property for a joint debt. To say that one of them can by selling and conveying his entire interest in the property thereby charge the whole joint debt primarily on the other's interest is to assert a proposition so clearly erroneous as to require no argument to refute it. In the language of Judge COOLEY: "There are no authorities which sanction such a doctrine, and if there were any, they could only be regarded as inadvertent departures from reason and justice." Southworth v. Parker, 41 Mich. 198, 1 N. W. Rep. 944. See, also, Rathbone v. Clark, 9 Paige Chy. 648.

It appears from the record that before this appeal was taken, the decree complained of was executed by sale of the appellant's property in accordance with its terms. This fact does not affect this appeal, nor prevent the reversal of the decree appealed from (County Commissioners Polk Co. v. Johnson & Co., 21 Fla. 577; Burrows v. Mickler, 22 Fla. 572; O'Hara v. Mac-Connell, 93 U. S. 150; Peer v. Cookerow, 14 N. J. Eq. 361), although if the purchaser's title acquired at such sale is such that a reversal of the decree will not affect it

under previous decisions of this court (Garvin v. Watkins, 29 Fla. 151, 10 South. Rep. 818), then the appellant will be left to his remedies for restitution. Upon remand of the cause the Circuit Court may upon proper proceedings make such orders as to restitution and to subject Mrs. Mayes' interest in the land to payment of its just proportion of the purchase money debt as may be proper, without prejudice to the right of appellant or Mrs. Mayes to maintain any appropriate proceedings against the other to enforce contribution, or any other legal or equitable rights as between themselves.

The decree appealed from, in so far as it provides "that the one undivided half interest of the defendant Charles B. Walker be first sold, and if the proceeds of such interest be not sufficient to satisfy said judgment and interest and the costs of this suit, then the said master will immediately proceed and sell the other one undivided half interest in said lands of the defendant Willie B. Mayes," is reversed, and in all other respects said decree is affirmed, without prejudice to the right of Mrs. Mayes or appellant to maintain any appropriate proceedings against the other to enforce contribution or any other legal or equitable rights as between themselves.