A. A. KIND, et al., v. A. BRUCE MANLEY and HATTIE W. MANLEY, his wife, by A. BRUCE MANLEY, her husband, and next friend.

7 So. (2nd) 593        Division A
April 21, 1942

H. Pierre Branning and Cecil C. Curry, for appellant.

George E. McCaskill, for appellees.

ADAMS, J.:

This is an appeal from a final decree for plaintiff.

The only question which merits an opinion is: where one tenant in common purchases a mortgage lien against the whole estate will he be allowed to foreclose against the one half interest of his cotenant for one half of the mortgage debt?

Our attention has been called to no precedent in this state. The law seems settled upon logic and good reason that where one tenant in common acquires an equitable estate in the property held in common that the equitable estate merges in the legal title to the extent of the legal title owned by the purchaser of the equitable estate. There is no merger or alteration of the remainder of the equitable estate however, and it may be enforced against the cotenant's legal title subject to equitable principals as. if it had not been transferred from the prior holder. Thompson on Real Property (Perm. ed. 1940) Vol. 4, Section 1871; Ibid,

Vol. 9, Section 5041; 14 Am. Jur. Cotenancy, Section 45; 13 Am. Jur. Contribution, Section 75; Jones on Mortgages (8th ed. 1928) Vol. 2, Section 1362; Wiltsie, Mortgage Foreclosure (5th ed. 1939) Vol. 3, Section 1192; 62 C. J. 473; 18 C. J. S. 13. See also Walker v. Sarven, 41 Fla. 210, 25 So. 885.

It is our conclusion that the chancellor answered the above question correctly in the affirmative. In reaching this conclusion we have not overlooked appellants contention that there are factual conditions which take this case out of the general rule. We find no facts in the record for such claim.

Other questions raised have been duly considered by us and found without merit.

The decree is affirmed.

BROWN, C. J., WHITFIELD, and BUFORD, JJ., concur.