PER CURIAM.
This is an appeal by plaintiff wife from a final judgment of divorce. The single point presented on appeal is whether the allowance of alimony and child support is so grossly inadequate as to constitute an abuse of discretion by the trial court.
Appellant’s principal contention is that since the court granted the appellant and her minor child the use of the marital home as a residence, the court should have ordered the defendant-appellee husband to make the monthly mortgage payments on the marital home.
In view of the often stated principle that the findings of the trial judge will not be disturbed if the evidence reasonably supports those findings, we hold that error has not been established. The trial judge did not require the wife to make the mortgage payments. He thereby left to the determination of the wife whether she would maintain the residence as a home.
In Lyons v. Lyons, Fla.App.1968, 208 So.2d 137, 139, the court set forth the law regarding mortgage payments made by a former wife when the residence is held as an estate in common with the former husband:
The residence property was owned by the parties as tenants by the entirety. Upon divorce they owned it as tenants in common, under § 689.15, Fla.Stat., F. S.A. As such, each had the burden of discharging one half of the obligations thereof. Walker v. Sarven, 41 Fla. 210, 25 So. 885. The wife was under no duty to assume and pay the husband’s half of the charges against the property for items such as mortgage interest, taxes, insurance and repairs. For the period she pays the same during pendency of the cause or after decree she should be entitled to credit for the portion thereof allocable to the husband’s interest, to be determined and allowed upon sale of the property.
Affirmed.