GRIFFIN, Judge.
This mortgage foreclosure action is yet one more chapter in a long, much litigated divorce. The present dispute began back in 1981 when the original dissolution decree was entered and the parties were adjudged, among other things, to be tenants in common of the marital residence. Thereafter, the husband executed a series of mortgages on his one-half of the tenancy in common in favor of his attorney, Jack B. Nichols, to secure payment of attorney’s fees for the dissolution proceeding. At that time, the property was subject to a first mortgage in favor of Amerifirst Federal Savings & Loan Association in the amount of $32,163.68. The record indicates that the market value of the residence at the time of the proceedings below may have been between $90,000 and $130,000. Owing evidently to a dispute between the former husband and former wife concerning who had the obligation under the dissolution decree to make the monthly mortgage payments, the payments were not made.
In August 1986, Amerifirst filed suit to foreclose its first mortgage and Nichols, who held the three inferior mortgages, was joined as a party defendant. Nichols filed a cross-claim for foreclosure against appellant and her former husband and various judgment creditors. On February 26,1987, Nichols purchased the first mortgage from Amerifirst and requested that a business associate, Anthony J. Ortner, be designated as the trustee in whose favor the note and mortgage would appear. Ortner was then substituted as the party plaintiff in the foreclosure litigation. Then (no doubt through misadventure) Nichols’ cross-claim for foreclosure of his mortgages on the husband’s one-half interest was adjudicated prior to the foreclosure of the first mortgage, and Nichols became the appellant’s cotenant. Shortly thereafter, Ortner obtained a judgment of foreclosure of the entire first mortgage, which by now was up to $44,033.45. Appellant was unable or unwilling to redeem, and lost her interest in the property.
Here we reach the nub of this appeal, for among the myriad of issues raised by this pro se appellant is her contention that when Nichols became her cotenant, he assumed certain duties to her as cotenant and was therefore unable to foreclose. The trial court rejected this argument.
Actually, there is some substance to appellant’s contention. It appears that, under Florida law, where one tenant in common purchases a mortgage lien against the whole estate, he is allowed to foreclose against the one-half interest of his cotenant for one-half of the mortgage debt. Kind v. Manley, 150 Fla. 437, 7 So.2d 593 (Fla.1942). Thus, if Nichols were both the co-tenant and the holder of the first mortgage, he should only have been allowed to foreclose to the extent of one-half the debt. The key issue thus becomes whether the trust established by Nichols, making Ort-ner, as trustee, the legal owner of the first mortgage prevented application of the above rule. On this record it does not appear the Ortner trust was an invalid passive trust. Accordingly, it was not error to order foreclosure of the entire debt.
AFFIRMED.
COBB and PETERSON, JJ., concur.