MANIE D. FUTCH *et al.*, *Appellants*, v. JOSEPHINE A. PAR-SLOW, *Appellee.*

1. The existence of the relation of co-tenancy does not preclude one co-tenant from establishing an adverse possession in fact as against the other co-tenants.

2. A grantee, under a deed purporting to convey the entire interest from one who in fact holds only an undivided interest, may acquire title by adverse possession as against the other co-tenants.

3. When the statute begins to run against the ancestor in his life-time, it continues to run against his minor heirs after his death.

4. Where legal rights in lands are barred by the statute of limitations and no grounds for equitable relief appears, partition will not be decreed.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry* and *H. P. Baya,* for Appellants;

*Sparkman & Carter, T. E. Lucas,* and *J. F. Glen,* for Appellee.

WHITFIELD, C. J.—This appeal is from a decree quieting title to real estate. It appears that Columbus Stafford was the owner of Lot 4 of Block 8 according to the General Map of Tampa when he died leaving as his heirs, two sons, LaFayette and Columbus, Jr., and a daughter Mary, who married John Carney and died intestate in 1883, leaving her husband John Carney and a daughter Manie D. who was born in July, 1879, and married Futch.

John Carney married again and had a posthumus son John Carney born in 1887, the father having died in December, 1886. On January 9th, 1884, LaFayette Stafford, joined by his wife, and Columbus Stafford executed to Alfred H. Parslow a conveyance of the entire estate. On January 9th, 1884, John Carney, who had been the husband of Mary Stafford before her death, and who with the daughter were her heirs, executed a conveyance of the property to LaFayette Stafford. In 1887 Alfred H. Parslow conveyed the land to his wife Josephine A. Parslow, through the medium of a third person.

On May 19th, 1910, Mrs. Josephine A. Parslow brought suit against Manie D. Futch and her husband to quiet the title to the land in Mrs. Parslow. By an amendment John Carney was made a defendant. The answer asserts

a title to an undivided 1-3 interest in the property to be in Manie D. Futch and John Carney, the first as the heir of Mary Stafford Carney and the latter as the heir of the elder John Carney. The answer avers that the complainant and her predecessor in title took their conveyance with knowledge of defendant's rights, and held possession as a co-tenant with the defendants.

The existence of the relation of co-tenancy does not preclude one co-tenant from establishing an adverse possession in fact as against the other co-tenant. See Coogler v. Rogers, 25 Fla. 853, 7 South. Rep. 391.

There is ample evidence from which the chancellor could find that Alfred Parslow took actual possession of the lot whether lawfully or unlawfully and claimed it adversely before the death of the elder John Carney, therefore the statutory limitation of seven years continued to run against Carney's heirs at his death in 1886, and his son and heir is barred. Armstrong v. Wilcox, 57 Fla. 30, 49 South. Rep. 41. As the suit was not brought until nearly ten years after Mrs. Manie D. Futch attained the age of 21 years, she is barred unless the possession of Parslow and his wife was not adverse to Mrs. Futch. The circumstances relied on to show that Parslow did not claim or hold adversely to Mrs. Futch before and after she became of age, were submitted to the chancellor and in view of the conveyance of the entire property and of Parslow's acts and conduct while in possession the chancellor was justified in finding from the evidence that Parslow did hold adversely to Mrs. Futch.

There is no evidence that Mrs. Futch was mislead or deceived into failing to assert her rights before they were barred by the lapse of the statutory period, and no countervailing equity appears in her behalf to warrant

a denial of the relief prayed for by Mrs. Parslow. Mere ignorance of her rights would not prevent the bar of the statute of limitations as to Mrs. Futch.

The conclusion reached makes it unnecessary to consider whether a cross bill filed herein was improperly stricken.

The decree appealed from is affirmed.

SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.

TAYLOR, J., absent on account of illness.