HAYES ROBINSON, FREEMAN ROBINSON, JAMES ROBINSON, CLARENCE ROBINSON, ARTHUR ROBINSON, JOSEPHINE ROBINSON, ANNIE ROBINSON, GREEN ROBINSON, CLARINE JONES, ANNETT JONES, EDWARD JONES, CHARLIE ALPHONS, FLORIDA ALPHONS, LOUISE ALPHONS, MARY ELLEN JOHNSON and MARIE ALPHONS, *Appellants.* vs. F. HERRMAN, *Appellee.*

Division B.

Opinion filed February 12, 1931.

Petition for rehearing denied February 18, 1931.

*F. W. Marsh,* for Appellants;

*Watson & Pasco & Brown,* for Appellee.

BUFORD, J.—In this case the appellants were complainants in the court below and the appellee was defendant in the court below. Complainants filed their bill for partition of Forty acres of land being in a square and being the Northwest Quarter (NW¼) of Lot 2, Sec. 2, Township 3 S., R. 32 W, in Escambia County, Florida. The pertinent parts of the evidence show that Alphons Dupont and Maria Passos acquired the property as co-tenants and were in possession of it during their respective lives. Maria died first, leaving certain heirs. Alphons died later leaving no heirs except the heirs of his sister. Alfred Greenwood was one of the heirs of Maria. Greenwood was living on the premises at the time of the death of both of the co-tenants and continued to live upon the property until he conveyed the same to one Galt. In his conveyance to Galt, which was by the conventional warranty deed, he conveyed "Lot Two (2) in Section Two (2), Township Three (3) S., Range Thirty-two (32) in Escambia County, Florida". Galt bought the land from Greenwood in 1907 and immediately went into possession thereof, refencing a part of the Forty (40) acres here in controversy, building a house upon it, erecting wharves and out-houses at a cost of something like $4500.00. He and his family continued to live in the house upon the lands and to use the same as their home until September of 1909, when they went to Selma, Alabama, and remained

there for a period of approximately two years. When Galt left the property he left it in charge of one John Fell during his absence. He left the house fully furnished and with the intention of returning to it and occupying it. He returned to the property in October, 1911, and resided there with his family until October, 1916. The property remained in the care and under the observation of Fell during the absence of Galt and his family.

The evidence is sufficient to show a continuous adverse possession from September, 1907, to October, 1916, under color of title and that such possession was so open and notorious in its hostility to, and exclusiveness of, those claiming to be co-tenants as to put them on notice of its adverse character and therein complies with the rule as enunciated by this Court in Gracy, et al. vs. Fielding, 71 Fla. 1, 70 Sou. 625.

The heirs of Alphons Dupont and Maria Passos were Charlotte Jones, who died in 1914; Adel Robinson, who died in 1913; Henry Alphons, who died in 1918; and Alfred Greenwood, who is still living. Both Maria Passos and Alphons Dupont died prior to February 18, 1907, when Alfred Greenwood, being in possession of the property, conveyed the same to Galt. Therefore, Galt's adverse possession began to run as against each of those heirs during their lifetime.

A grantee under a deed purporting to convey the entire estate from one who in fact holds only an undivided interest may acquire title by adverse possession against the other co-tenants. Futch vs. Parslow, 64 Fla. 279, 60 Sou. 343.

When the statute of adverse possession begins to run against the ancestor in his lifetime it continues to run against his minor heirs after his death. Futch vs. Parslow,

supra; Commercial Building Company vs. Frederick D. Parslow, et al., 93 Fla. 143; 112 Sou. 378.

In Kendrick vs. Latham, 25 Fla. 819, 6 Sou. 871, this Court say:

"A 'forty' of land is not 'a tract into lots' within the meaning of the fifth section of the statute of limitations of 1872, p 732, McClellan's Digest, but may be regarded as 'a known lot' under the fourth clause of sixth section of that act, and the improvement and adverse possession of a part thereof under the claim of title to the entire 'forty' founded upon a written instrument as being a conveyance of the 'forty' is in law, both under and independent of any special provision of our statute, adverse possession for the same length of time as well of the part not cleared nor enclosed, as of the part actually improved and occupied."

Gracey et al vs. Fielding, 71 Fla. 1, 70 Sou. 625.

The bill in this case was filed on the 3rd day of April, 1928. The deed from Greenwood to Galt was made February 18, 1907, more than twenty years prior to the institution of the suit. Therefore, the provisions of chapter 10168 Acts of 1925, sec. 4659 C.G.L. 1927, operate as bar to the recovery by the complainants.

The decree of the chancellor should be affirmed and it is so ordered.

Affirmed.

STRUM, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.