DREW, Justice.
Dock Byrd acquired title to 160 acres of land in Okaloosa County, Florida, shortly before the turn of the century. There he lived until his death in 1933, intestate. Surviving him, as lawful heirs, were seven children, one of whom bore the name of D. W. Byrd.
D. W. Byrd continued to reside on the homestead. In 1937 he acquired a tax deed thereto. On August 2, 1943, he and his wife sold the land to Esther S. Morrison, and conveyed title by warranty deed, which was immediately recorded. According to the record Mrs. Morrison promptly returned the same for taxes and has paid the taxes thereon since said time. She entered into the actual possession of the land and for more than seven years prior to the institution of this suit for partition by the remaining heirs of Dock Byrd, she cultivated a large portion of the tract, improved the fences and built new fences around the cultivated portion of the land, filled in gullies and used the unenclosed portion for wood and grazing and maintained the same against trespassers. Such, she alleged, constituted adverse possession under color of title and a defense to the action.
The lower court, after testimony was taken, held inter alia:
“The defendant, Esther Steele Morrison, claims title through D. W. Byrd, one of the surviving heirs of Dock Byrd, who, on December 6, 1937, obtained a tax deed to the property, subsequently, on August 2, 1943, conveying to Mrs. Morrison who is joined 'by her husband- as a defendant. The defend‘.ant -resist partition on the further ground of adverse possession for a period sufficient to vest title in Mrs. Morrison based upon the conveyance to her from one of the heirs, D. W. Byrd as above indicated.
“It appears by the evidence that the original owner through whom plaintiffs claim died in 1933, prior to the effective date of F.S. § 95.22 [F.S.A.] which contains a provision to the effect that the seven year statute of limitations mentioned in the first paragraph of the statute shall not apply in a case where the person through whom claim is made died prior to the effective date of the statute, that date being July 1, 1941, but that the twenty year limitation of Section 1 of Chapter 10168, Acts of 1925, C.G.L. 4659, should apply.
*658 “Even if the seven-year statute of limitations is applicable the evidence fails to establish adverse possession in the light of adjudicated cases on the subject and under the circumstances here presented. No notice was brought home to any of the heirs except one who made claim to Mr. Morrison for his share of the purchase price but Mr. Morrison disregarded the claim on the theory that the complaining heir had no interest to be recognized, relying solely upon the validity of the tax deed issued to his wife’s grantor, one of the heirs. It also appears that the heir who obtained the tax deed and conveyed to Mrs. Morrison was left by the other heirs in possession of the property with the right to use and occupy the same but with no right to dispose of their interests. In short, Mr. and ■ Mrs. Morrison in purchasing the property relying upon the validity of the tax deed to their grantor did so at their peril. See Williams v. Clyatt, 53 Fla. 987, 43 So. 441, followed in Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205; Spencer v. Spencer, 160 Fla. 749, 36 So.2d 424, and other cases.”
The statute referred to by the Chancellor below is, as he held, not applicable to the question before the Court for the obvious reason that, at the time of the death of Dock Byrd the period within which an action could be brought was twenty years.
The statute governing the question before the lower court is Section 95.16, Florida Statutes 1951, F.S.A. The primary and controlling questions are whether the deed to Mrs. Morrison constitutes color of title and, if so, whether her possession was of the character designated in Section 95.17, Florida Statutes 1951, F.S.A.
It is well settled in this State that the attempt of D. W. Byrd to divest his co-tenants of title by the process pf the tax deed was wholly ineffectual, and, if this were litigation between the co-tenants over that question of ownership, the cases cited by the eminent Chancellor below would be controlling. Each of the cited cases involved a claim of title -by a co-tenant, who had acquired the title to the whole through a tax deed, against his other co-tenants.
While the law on the foregoing question is well settled and no longer open to question in this State, it is equally well settled that a deed purporting to convey the entire interest frojn one who holds only an undivided interest therein may constitute color of title, and the grantee may acquire title by adverse possession against the other co-tenants. Futch v. Parslow, 64 Fla. 279, 60 So. 343; Robinson v. Herrman, 101 Fla. 865, 132 So. 827. Under some circumstances this is true, even as between co-tenants. See Futch v. Parslow, supra. In this case, while Mrs. Morrison lived in the neighborhood and knew there were other heirs, she was a complete stranger to the title. As to why she took the deed from only one heir, her husband testified that they thought the tax deed was sufficient to divest the other co-tenants of any interest in the property. We hold, under the facts in this record, that the deed from D. W. Byrd did constitute color of title.
On the question of adverse possession, we are compelled to hold, in the light of undisputed evidence in the record, that the conclusion of the lower court that “the evidence fails to establish adverse possession in the light of the adjudicated cases on the subject and under the circumstances here presented” is a misinterpretation of the legal effect of the evidence. We hold that such evidence established title by adverse possession under color of title in the appellant within the provisions of Sections 95.16, 95.-17, supra.
The cause is reversed with directions to enter an appropriate decree favorable to the defendants.
ROBERTS, C. J., and TERRELL, SE-BRING, HOBSON and MATHEWS, JJ., concur.
THOMAS, J., dissents.