PRUNTY, Associate Justice
(dissenting).
The appellants, plaintiffs in the court below, sought by their complaint to quiet title to certain lands in Bay County, Florida.
The complaint as amended listed numerous defendants; however, the defendant-appellees, M. H. Stephens and Victoria Stephens and the defendant Bertha Belle Stephens O’Neal filed Answers and asked for the affirmative relief of having the title to the property in question quieted in them.
The Chancellor appointed a special master to hear the testimony and make recommendations. The special master found that the evidence was sufficient to support the plaintiff’s allegations and recommended that the plaintiffs be granted the relief sought in their complaint. The defendants, appellees, excepted to the special master’s report and the chancellor entered a final decree sustaining the exceptions in part and denying them in part. It is this decree that is appealed from and the appellees join in the appeal.
All of the parties deraign title from one common source, a tax deed from the State to John W. O’Neal dated April 27, 1931, conveying
Lots 6, 7, 8 and 9, Block 21, Bay-view Addition to St. Andrews, Florida, in the Spi of Section 35, Township 3 South, Range 15 West, as per plat on file in the office'of the Clerk of Circuit Court of Bay County, Florida.
*369 After acquiring the Tax Deed, O’Neal left Bay County and was last heard from by his wife Bertha Belle Stephens O’Neal in 1935.
Before O’Neal left he placed his sister-in-law, Annie E. Stephens, who lived on the adjacent lot, in charge of the lands with instructions to look after them. Annie E. Stephens exercised full authority over the property for over 20 years.
This property was employed for raising grapes, vegetables and chickens. The lands were cleared by Annie E. Stephens and her lessees, and portions were leased for outdoor advertising signs. Annie E. Stephens also paid all state, county, municipal and other taxes upon the lands until the same were sold to the plaintiffs.
On May 27, 1943, the defendant Bertha Belle Stephens O’Neal, wife of John W. O’Neal, believing her husband to be dead and knowing that they had no children, executed a quit-claim deed to Annie E. Stephens, which was placed of record. She thereupon proceeded to claim title to all of the lands so conveyed in her own right.
There is some dispute in the testimony as to the use of the south end of the property, there having been apparently less use made of this portion, and this area was shown to be covered with large trees. However, it appears that the property was used consistently for sign locations and generally cultivated for over 10 years since 1943.
In 1953 John W. O’Neal, apparently in response to notice of plaintiff’s suit, returned to Bay County and sought legal advice. He executed a quit-claim deed to M. H. Stephens and wife Victoria Stephens. This instrument was dated December 21, 1953, and was signed by John W. O’Neal and Sarah Geneva O’Neal. The status of the last-named individual is not revealed. The deed forms the basis of appellees’ claim to the lands in dispute.
Upon stipulation of the parties the special master viewed the property and included in his report a statement of his findings as a result of this viewing.
The special master, after hearing all the evidence, set forth his conclusions as follows :
“From an examination of the amended bill of complaint and the testimony adduced I conclude that the Quit-claim deed from Bertha Belle Stephens O’Neal to Annie E. Stephens, dated May 27, 1943, conveying to the said grantee
Lots 6, 7, 8 and 9, Block 21, Bayview Addition to St. Andrews, in the South Half (Si4>) of Section 35, Township 3 South, Range 15 West, as per plat on file in the office of the Clerk of the Circuit Court of Bay County, Florida,
is a written instrument, valid and sufficient to authorme and warrant possession and occupation under color of title by the grantee. The grantor actually believed and intended to convey the full legal title to the lands so conveyed, but as a matter of fact she did convey all of her right, title and interest in the lands, including whatever right, title and interest she now claims.
“The quantity and quality of adverse possession under color of title is defined in section 95.17, F.S.A. The evidence is sufficient to show that the plaintiffs and their predecessor in title usually cultivated and otherwise improved the lands over a period of ten years or more. They also leased the front end of the lots to advertisers who erected and maintained large signs thereon and kept that portion of the lots free of undergrowth that would quickly spring up to hide the signs. In view of the fact that myriads of advertising signs literally infest the lands adjoining highways all over the nation it may safely be assumed the leaseholds herein shown was ‘the ordinary use of the occupant’. Such occupancy has been continuous for the past ten years or more.
*370 “The Quit-claim deed from John W. O’Neal and Sarah Geneva O’Neal to M. H. Stephens and wife Victoria Stephens, dated December 21, 1953 and recorded in Deed Book 189 at page 597 of the public records of Bay County, Florida, is not a valid conveyance and is not sufficient to convey the title to the lands therein described to the grantees. It only serves to cast an after-cloud upon the title of the plaintiffs herein.
“Before executing this deed John W. O’Neal had notice of the suit and came here to ascertain his rights in and to the lands, consulting an attorney, (tr. pages 101 to 104) He told the attorney that he and the defendant Bertha Belle Stephens O’Neal had been married and he did not aver that they were divorced, yet, when he attempted to convey the lands to the defendants, M. H. and Victoria Stephens he was joined by a bogus wife in the execution of the conveyance — well knowing that she was not his wife. By the same token the grantees accepted the deed with full knowledge of its infirmity. They well knew that their sister, Bertha Belle, was the wife of John W. O’Neal and not Sarah Geneva who acknowledged in the conveyance as his wife, and they knew or should have known that the deed was not sufficient to convey title to them.”
The deed from Bertha Belle Stephens O’Neal to Annie E. Stephens was sufficient to qualify as a written instrument as contemplated by F.S. § 95.16, F.S.A. The nature of the instrument required under this section of the statutes is discussed in Morrison v. Byrd, Fla.1954, 72 So.2d 657. See also McRae v. Ketchum, 138 Fla. 610, 189 So. 853.
Annie E. Stephens went into possession of the property in question as an agent of John W. O’Neal. However, her actions with reference to the property were not those of an agent. The cultivating, leasing, clearing and other usages of the premises by Annie E. Stephens and her lessees, which are for the most part undisputed, are actions adverse to the interests and claims of John W. O’Neal.
When Annie E. Stephens acquired the quit-claim deed from her sister Bertha Belle Stephens O’Neal she was able to couple her acts of adverse holding with a proper written instrument constituting color of title.
Appellees contend that the appellants’ predecessor in title performed no acts subsequent to receipt of the quit-claim deed which were not performed prior to its delivery, and that therefore the tenancy of Annie E. Stephens continued uninterrupted.
We cannot follow this contention. In the first place, the relationship of Annie E. Stephens follows more logically within the theory of agency than tenancy. If tenancy existed it could have no greater dignity than that of a tenant at sufferance. In the second place, the actions of Annie E. Stephens were inconsistent with the position of an agent or a tenant and were certainly adverse to the claims of the former owner. She rented the property to others, cultivated it, raised chickens, executed outdoor advertising leases and treated the property in every respect as her own until she sold the same to plaintiffs-appellants. She retained the proceeds of any rental and enjoyed the reputation of being the owner of the property.
The appellees were charged with notice of the claim under color of title by appellants from the date of the recording of the deed from Bertha Belle Stephens O’Neal to Annie E. Stephens. They were also charged with knowledge and in fact had actual knowledge of all the adverse actions and claims which the appellants now rightfully rely upon.
This case is distinguishable from the holding in Ballard v. Gilbert, Fla.1951, 55 So.2d 723, in that the latter case turned solely on the question of the existence of the landlord and tenant relationship and the acquisition of a tax deed by the tenant.
*371 We feel the lower court was correct in sustaining the conclusions and recommendations of the Special Master with reference to Lot 6 of Block 21, Bayview Addition to St. Andrews, but we fail to see how the Chancellor, having arrived at his decision on this parcel, could reach a different conclusion as to the remainder of the property. True it is that there is some disagreement and conflict of the evidence with reference to such matters as the size, area and location of the gardens, chicken runs and grape arbors, and also as to the difference in appearance between the north and south ends of the property.
However, the Special Master heard all the testimony, observed the witnesses, and even viewed the property. He was in better position to weigh, sift and determine the evidence than this Court or even the Chancellor below. This Court has repeatedly taken the position that the Special Master’s decisions, especially when they concern the facts or mixed questions of law and facts, should be accepted by the Chancellor unless such findings are shown to be clearly erroneous. See Harmon v. Harmon, Fla.1949, 40 So.2d 209; City of Miami Beach v. First Trust Co., Fla.1949, 45 So.2d 681; Florida National Bank & Trust Co. of Miami v. Brown, Fla.1950, 47 So.2d 748; Aldred v. Romano, Fla.1952, 58 So.2d 436.
There is no showing that the Special Master’s findings were erroneous. In fact, there is ample support for his conclusions. We therefore determine that the first paragraph of the final decree of the Chancellor with reference to Lot 6, Block 21, of Bay-view Addition to St. Andrews should be affirmed. The second paragraph of the final decree with reference to Lots 7, 8 and 9, Block 21, of Bayview Addition to St. Andrews should be reversed and this cause remanded for the entry of an appropriate decree consistent with the views herein expressed, quieting title to Lots 6 and 7, Block 21, of Bayview Addition to St. Andrews in Robert H. Stephens and wife Jane M. Stephens as the- owners in fee simple of said property, and quieting title to Lots 8 and 9, Block 21, of Bayview Addition to St. Andrews in Walter Cowan, Sr. as natural guardian for Walter Cowan, Jr. as the owner in fee simple of said property as such guardian.
It is my view that the decree should be affirmed in part, reversed in part.
DREW, J., concurs.