KANNER, Chief Judge.
The chancellor issued final decree declaring appellees to be the owners in fee simple of the lands set forth in appellants’ complaint. Appellants sought partition of all the lands, asserting title as co-tenants to an undivided three-fifths. The appeal emanates from the adverse decision refusing to recognize appellants as co-parceners and to grant decree of partition of the lands. No brief was filed by the appellees.
The following factual situation as gleaned from the record presents the background of this controversy.
One Jerry Taylor died intestate in the year 1928, survived by five heirs at law. At the time of his death, he owned all the lands which are the subject of this litigation. The appellant, Mattie Taylor, was married to one of the heirs and the other appellant is a son of the marriage. The appellees here, defendants in the lower court, include the husband and children of Willie B. Green, one of the original heirs of Jerry Taylor, and Viola Taylor, widow of another original heir. The children as heirs at law of Willie B. Green, who died intestate while this suit was pending in the lower court, became parties to this suit upon her death.
Willie B. Green had acquired part of the subject lands by master’s deed through tax certificate foreclosure proceeding and the remainder by deed dated January 26, 1944, through Trustees of the Internal Improvement Fund under what is commonly known as the “Murphy Act”. See chapter 18296, Laws of Florida 1937, sections 192.35 to 192.3.8, Florida Statutes, F.S.A. The master’s deed referred to the property as “mortgaged premises”, but the record indicates that the sale was pursuant to decree of foreclosure of tax sale certificates and not of a mortgage, and it has been so presented to and considered by this court.
Subsequent to the conveyances mentioned into Willie B. Green, two heirs not involved in this suit conveyed by warranty deed to Walter Taylor, husband of appellant Mattie Taylor and father of the other appellant, their interest in the lands. Thus the source and basis of appellants’ claim of title is the *324 one-fifth interest of Walter Taylor, an original heir, plus the two-fifths interest he had acquired during his lifetime from two other heirs.
Appellant, Mattie Taylor, had resided on the property for eighteen years and was so residing when the suit was instituted, and her son had resided there during portions of the time. Not only was she residing on the property, but during the time mentioned, she exercised dominion over it as an owner.
There is no dispute that, at the time of the acquisition of these lands through master’s deed pursuant to a tax lien foreclosure suit and under the Murphy Act by Willie B. Green, she and the other heirs were co-parceners of the lands inherited from Jerry Taylor.
It is a firmly entrenched rule of law in Florida that one co-tenant cannot deprive his other co-tenants of their interest in land by acquisition of title to the lands by purchase due to tax default. The effect of such acquisition is simply a payment of taxes by the purchasing co-parcener and his right in the land is not enhanced except to secure the payment of the amount, with interest, thus expended by him for taxes for the other co-parceners. The reasoning upon which this principle is predicated is that co-parceners’ obligations as well as interests are mutual. See Williams v. Clyatt, 1907, 53 Fla. 987, 43 So. 441; Spencer v. Spencer, 1948, 160 Fla. 749, 36 So.2d 424; Morrison v. Byrd, Fla. 1954, 72 So.2d 657; and Gates v. Roberts, Fla.1956, 85 So.2d 862.
The record in this case discloses no basis by or under which the property was acquired by Willie B. Green other than that due to default by the co-tenants in paying the taxes. So the case here is embraced within the scope of the rule stated, and the chancellor erred in not adjudging in conformity to this rule.
The chancellor should therefore decree that the appellants are the owners of an undivided three-fifths interest and should also decree partition of the lands.
The chancellor is directed to hold such hearings as may be necessary for the purpose of ascertaining and determining the amount paid for taxes as well as other proper charges, expenditures and allowances that should be accounted for and borne by the co-tenants. Each co-tenant shall be liable for such sums as shall be found chargeable and due in proportion to his interest and same shall be secured by his interest in the lands. In addition each co-tenant shall pay a share of the costs and charges including attorney’s fee incurred by appellants arising from the suit for partition as provided by the partition statute. See 66.08, Florida Statutes, F.S.A.
The decree of the court below is hereby reversed and remanded for further proceedings consistent herewith.
PLEUS and ALLEN, JJ., concur.