164 So.2d 549 (1964)
Charles D. ALBURY, Appellant,
v.
Tommy GORDON and Jack Penefold, Appellees.
No. 63-621.
District Court of Appeal of Florida. Third District.
May 19, 1964.
Rehearing Denied June 17, 1964.
*550 Pallot, Marks, Lundeen, Poppell & Horwich, Miami, for appellant.
Williams, Salomon, Kenney & Lindzon, and Langer, Alvin & Kramer, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
CARROLL, Judge.
This is an appeal from a summary final decree rendered in favor of the defendants in a suit to quiet title.
The record discloses that title to a parcel of real estate owned by Joseph L. Albury and Alan H. Kelly as tenants in common was forfeited and became vested in the State of Florida under the Murphy Act, chapter 18296, Laws of Florida 1937, (192.35 et seq. F.S.A.) for nonpayment of certain taxes. Thereafter, as provided for under § 192.381 of the statute, the property was sold by the state to Joseph L. Albury, one of the former owners. The deed to him was dated July 20, 1940, and recorded August 22, 1940. Later, in 1948, Joseph Albury conveyed the property to his son, who filed this suit to quiet title after the 1940 deed from the state had been on record for more than 20 years. The appellees, who were defendants below, have succeeded to the rights of Alan Kelly, the other original co-parcener, since deceased. They filed answers and counterclaims in which they asserted claim to the one half interest which Kelly held before the property was forfeited to the state. The chancellor entered a final summary decree dismissing the plaintiff-appellant's suit to quiet title, and in favor *551 of the two defendants on their counterclaims, decreeing them each to be the owner of a one-fourth interest in the property.[1]
The sole question presented on this appeal is whether the lapse of 20 years after recordation of the Murphy deed operated to bar the claim of the other co-parcener or his successors in interest. The statute relied on by the appellant reads as follows:
"95.23 [Fla. Stat., F.S.A.] Limitations where deed or will of record for twenty years or more.  After the lapse of twenty years from the record of any deed or the probate of any will purporting to convey lands no person shall assert any claim to said lands as against the claimants under such deed or will, or their successors in title.
"After the lapse of twenty years all such deeds or wills shall be deemed valid and effectual for conveying the lands therein described, as against all persons who have not asserted by competent record title an adverse claim."
In Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205, 207, the Supreme Court of Florida held that a resale by the state to one co-parcener, of property which had been forfeited to the state under the Murphy Act, amounted only to a redemption of the property from delinquent taxes for the benefit of both former owners. In the Andrews case the Court said:
"This court has held that `a coparcener cannot acquire a tax title to lands as against another coparcener because of their mutual obligations and interests.' If a coparcener does buy an entire estate by nonpayment of taxes, he merely pays the taxes and gains no right save reimbursement for his cotenant's share of the debt he thus discharges. Williams v. Clyatt, 53 Fla. 987, 43 So. 441, 444. * * *
* * * * * *
"* * * [W]e see no difference in obtaining a tax deed from the State of Florida and a deed under the Murphy Act from the trustees of the internal improvement fund. Both spring from failure to meet the tax obligation. * * *"
The forfeiture of the property to the state under the Murphy Act operated to divest the former owners of title. Therefore, in order for one or both of the former owners to reacquire title it was necessary for the state to convey it out, as contemplated by the statute, § 192.381, Fla. Stat., F.S.A. The appellees did not challenge the validity or effectiveness of the Murphy deed to divest the state of its title.[2] *552 They relied on the 1940 deed from the state to Albury, and asserted a claim to part of the property covered by the deed.
In the circumstances presented, the one co-parcener who regained title to the property by the Murphy deed from the state in 1940 acquired it subject to a constructive trust for a half interest in favor of his co-parcener, or the latter's successors in interest.
The limitation statute relied on by the appellant (§ 95.23, Fla. Stat., F.S.A.) did not operate to prevent the appellees from asserting their equitable rights to the property under the constructive trust after the lapse of 20 years. Statutes of limitations are inoperative in equity, but in application of the doctrine of laches courts of equity, while not bound by, usually act or refuse to act on the basis of limitation statutes fitting actions at law of like character. Hayes v. Belleair Development Co., 120 Fla. 326, 162 So. 698, 700. In considering this proposition with reference to a constructive trust, in the case of Wadlington v. Edwards, Fla. 1957, 92 So.2d 629, 632, the Supreme Court of Florida, speaking through Justice Thornal, said:
"Some of the decisions state broadly that the claim of a beneficiary under a constructive trust is subject to the bar of the applicable statute of limitations. We think, however, that a preferable statement of the rule would be that in a court of equity the claims of the beneficiary of a constructive trust are subject to the application of the doctrine of laches which may be based on the provisions in statutes of limitations relating to actions at law of like character. This statement of the proposition recognizes that technically in the absence of a statutory provision, equity is not bound absolutely to apply a statute of limitations but in following the law, absent the presence of intervening equities to the contrary, a court of equity will base its application of the doctrine of laches on the provisions of the appropriate statute of limitations. * * *"
More recently, in Reed v. Fain, Fla. 1962, 145 So.2d 858, 867-868, in the opinion on rehearing authored by Justice Hobson, the Supreme Court said:
"The statute under consideration, if applicable in any equitable action, is simply and solely a legislative enactment fixing a period of time which, after its expiration, operates as a bar or estoppel against anyone who would assert an adverse claim to a deed or will, because he failed to speak when equity and good conscience required him to act. It fixes a period of time beyond which laches as a matter of statutory law operates as a bar. In other words, the statute makes the simple lapse of time the criterion upon which laches is predicated. `But it is not mere delay that constitutes laches.' Marshall v. C.S. Young Construction Co., 94 Fla. 11, 113 So. 565, 568, 55 A.L.R. 662. The doctrine of laches is never invoked or applied as a bar by virtue of nothing more than delay. Anderson v. Northrop et al., 30 Fla. 612, 12 So. 318; State ex rel. Shein v. Attwood, Fla., 1953, 64 So.2d 917, 919. An ad interim third party must act to his detriment in reliance upon such neglect or the delay must operate `to the disadvantage of the other party' or some other impelling equitable factor must intervene. Seaboard All Florida Ry. Co. et al. v. Underhill et al., 105 Fla. 409, 141 So. 306, 307. Laches, even when measured by a statutory yardstick, does not necessarily bar the assertion of rights in a court of equity which have been the subject of attempted invasion or destruction *553 by action which is null and void, at least not until and unless the rights of innocent third parties intervene or one (or more) of the transgressors has clearly demonstrated that the delay has prejudiced his alleged rights."
In the instant case no interests of innocent third parties have intervened, nor is any party shown to have acted on reliance of the Murphy deed in a manner to operate as an estoppel or so as to invoke the doctrine of laches. The appellant Charles D. Albury does not appear as a bona fide purchaser for value. He took a conveyance of the property from his father in 1948 with knowledge of its background.[3] Moreover, the public records disclosed the outstanding equity of the neglected co-parcener, by revealing that the grantee on the Murphy deed was one of the two co-parceners who owned the property when the state acquired it under the Murphy Act for nonpayment of taxes.
An alternative basis for affirmance is presented by appellees' contention that although the state effectively divested itself of title when it conveyed the property to Albury in 1940, as to the former owners the Murphy deed should not be regarded as a transfer of title but rather a redemption of taxes. We hold, as so contended by appellees, that the Murphy deed to the former owner did not create a new and independent title, because it ran to a former owner whose duty it was to pay the delinquent taxes. Andrews v. Andrews, supra. The effect of such acquisition by one co-parcener through a Murphy deed has been held to be "simply a payment of taxes by the purchasing co-parcener and his right in the land is not enhanced except to secure the payment of the amount, with interest, thus expended by him for taxes for the other co-parceners." Taylor v. Taylor, Fla.App. 1957, 97 So.2d 323, 324. And see Williams v. Clyatt, 1907, 53 Fla. 987, 43 So. 441; Spencer v. Spencer, 1948, 160 Fla. 749, 36 So.2d 424; Morrison v. Byrd, Fla. 1954, 72 So.2d 657; and Gates v. Roberts, Fla. 1956, 85 So.2d 862.
For the reasons stated and on the authorities cited above we hold that the ruling of the chancellor was eminently correct, and the final decree is affirmed.
Affirmed.
NOTES
[1] To satisfy the requirement for the pro rata reimbursement (Taylor v. Taylor, Fla.App. 1957, 97 So.2d 323, 324) the final decree contained the following: "4. The defendants are each, respectively, hereby ordered and directed to forthwith pay to the plaintiff an amount equal to one-quarter of all sums advanced in the acquisition of the Murphy Deed and in the payment of taxes on the subject property subsequent thereto, and the Court hereby reserves jurisdiction to conduct an accounting of such sums upon application made by any party hereto upon due notice given."
[2] Any such attack on the Murphy deed from the state would have been controlled by the short (6 months) limitation period fixed in the Murphy Act, under § 192.47, Fla. Stat., F.S.A., as follows: "192.47 Murphy act lands; suits by former owners; limitations.  The former owner, and others having or claiming by, through or under him, of land vested in the state by virtue of chapter 18296, laws of Florida, 1937, shall have and are hereby allowed a period of six months from from the time this section becomes a law to bring suit to recover said land or to enforce any right of the former owner or claim by, through or under said former owner, or to set aside a sale by the trustees of the internal improvement fund, and on failure to assert such right within such time set out in this section, shall be and are hereby forever barred and foreclosed of claims aforesaid in and to said lands and no court of the state, either federal or state, shall thereafter entertain any suit brought by any former owner or anyone claiming by, through or under him for the purpose of questioning, litigating or contesting the title of the state or its grantee to said land."
[3] Regarding such notice, the final decree stated: "The plaintiff was present at the time his father procured the Murphy Deed and not only had constructive notice but was actually advised at the time of the acquisition of the Murphy Deed of the outstanding interest of Allan H. Kelly as a tenant in common in the subject property."