179 So.2d 112 (1965)
Hiram B. JOHNSON, Appellant,
v.
Grant J. JOHNSON and Emma Johnson, his wife, Appellees.
No. 4949.
District Court of Appeal of Florida. Second District.
October 19, 1965.
*113 Walter O. Bazemore, Punta Gorda, for appellant.
William Lamar Rose, Fort Myers, for appellees.
SHANNON, Acting Chief Judge.
Appellant Hiram B. Johnson was the plaintiff below in a suit to partition real property. Grant J. Johnson and his wife, the appellees, were the defendants who counterclaimed with a quiet title action. The chancellor found for the defendants-counterclaimants and ordered the fee simple vested in them, free from all claims of the plaintiff. From this order the plaintiff appeals.
The appellant, Hiram Johnson, and the appellee, Grant Johnson, are brothers. The property here in dispute was previously owned by their father, Summer Johnson, who died intestate in 1932 leaving four surviving children, two of whom were Grant and Hiram. A petition for probate filed in 1933 established the four children as heirs to Summer Johnson's property. Since that time the appellee, Grant Johnson, and his wife have been in continuous possession of the litigated property, while the other heirs have established residence elsewhere.
In 1935 Grant Johnson obtained and recorded a tax deed to the litigated property. Thus the title, which formerly had been in the four heirs as co-tenants, was vested by record title in one of the co-tenants by virtue of a tax deed.
In 1956 Hiram Johnson obtained deeds from the other two co-tenants, transferring to him whatever interest they had in the property. This suit for partition was filed in 1963 by Hiram against Grant and his wife who counterclaimed, seeking to have the fee simple to the entire tract quieted in them.
The chancellor found that the defendants had not acquired title by adverse possession, as they had contended, but ruled that the tax deed which had been of record more than twenty years was unassailable. The basis of this ruling was Fla. Stat., Sec. 95.23, F.S.A., which provides as follows:
"Limitations where deed or will of record for twenty years or more.  After the lapse of twenty years from the record of any deed or the probate of any will purporting to convey lands no person shall assert any claim to said lands as against the claimants under such deed or will, or their successors in title.
"After the lapse of twenty years all such deeds or wills shall be deemed valid and effectual for conveying the lands therein described, as against all persons who have not asserted by competent record title an adverse claim."
The lower court's opinion recognized the established rule that where a co-tenant acquires a tax title it amounts merely to the payment of taxes, and the purchaser gains no additional rights in the land except to secure the payment of taxes from the other co-tenants. See Williams v. Clyatt, 1907, 53 Fla. 987, 43 So. 441. However, the chancellor interpreted this rule to mean that such a deed was merely voidable and could be cured by the provisions of Fla.Stats., Sec. 95.23, F.S.A. We hold that this reasoning was erroneous.
In Taylor v. Taylor, Fla.App.2, 1957, 97 So.2d 323, it was held that the effect of a *114 tax deed to a co-tenant "is simply a payment of taxes by the purchasing co-parcener and his right in the land is not enhanced except to secure the payment of the amount, with interest, thus expended by him for taxes for the other co-parceners." Id. at 324. See Gates v. Roberts, Fla. 1956, 85 So.2d 862; Spencer v. Spencer, 1948, 160 Fla. 749, 36 So.2d 424; and Andrews v. Andrews, 1945, 155 Fla. 654, 21 So.2d 205. The rationale expressed by these Florida cases is inconsistent with according a co-tenant's tax deed the status of an independent title.
In Albury v. Gordon, Fla.App.3, 1964, 164 So.2d 549, the Third District fully explored the identical question raised here and held that Sec. 95.23 did not cure the defect inherent in a tax deed to a co-parcener, especially when no intervening interests of third parties had arisen. We adopt the views expressed by Judge Carroll in the Albury case, which are as follows:
"In the circumstances presented, the one co-parcener who regained title to the property by the Murphy deed from the state in 1940 acquired it subject to a constructive trust for a half interest in favor of his co-parcener, or the latter's successors in interest.
"The limitation statute relied on by the appellant (§ 95.23, Fla. Stat. F.S.A.) did not operate to prevent the appellees from asserting their equitable rights to the property under the constructive trust after the lapse of 20 years. * *
* * * * * *
"An alternative basis for affirmance is presented by appellees' contention that although the state effectively divested itself of title when it conveyed the property to Albury in 1940, as to the former owners the Murphy deed should not be regarded as a transfer of title but rather a redemption of taxes. We hold, as so contended by appellees, that the Murphy deed to the former owner did not create a new and independent title, because it ran to a former owner whose duty it was to pay the delinquent taxes. * * *" 164 So.2d at 552, 553.
We therefore conclude that the chancellor erred in quieting title in the appellees, whose tax title was ineffective against the other co-parceners. In all fairness to the chancellor, we note that his decree preceded the Albury decision, so he was without the benefit of the reasoning or precedent set forth in that case.
Accordingly, we reverse the order appealed and remand for further proceedings consistent with this opinion.
Reversed and remanded.
SMITH, J., and SMITH, CULVER, Associate Judge, concur.