208 So.2d 137 (1968)
Helene Leslie LYONS, a/K/a Leslie Helene Lyons, Appellant,
v.
Arthur Jerald LYONS, Appellee.
No. 67-362.
District Court of Appeal of Florida. Third District.
March 12, 1968.
Rehearing Denied April 8, 1968.
*138 Norman K. Rutkin, Richard M. Gale, Miami, for appellant.
Rosenberg, Rosenberg & Reisman, Frank M. Marks, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and HENDRY, JJ.
CHARLES CARROLL, Chief Judge.
The appeal in this divorce suit is by the wife, the plaintiff below, from an order entered subsequent to the decree, entitled "Findings of Fact and Supplemental Final Decree," and from an order entered on rehearing and in clarification thereof.
For support of the plaintiff and two minor children the court required the husband to pay $8,840 a year. Appellant contends the allowance was inadequate on the showing made as to her needs. The amount of the allowance was a matter in the discretion of the trial court to be determined upon the evidence on balancing the needs of the wife and children against the husband's ability to pay. A party dissatisfied with the award must carry the burden on appeal of showing the trial court abused its discretion with respect thereto. The appellant has not met that burden. See Pross v. Pross, Fla. 1954, 72 So.2d 671; Blue v. Blue, Fla. 1953, 66 So.2d 228; Lauderdale v. Lauderdale, Fla.App. 1957, 96 So.2d 663.
*139 We reject as unsound the contention of the appellant that in determining the financial status of the husband the court could not properly take into consideration the fact that he was expending annually more than $2,000 in support of his mother, whom he had been supporting for over twenty years.
Regarding the residence owned by the parties, which the wife and children were permitted to continue to use and on which the wife was required to pay all expenses including the mortgage payments, we find merit in the appellant's contention that the court erred in holding that on sale thereof she would be entitled to a credit against the husband only for one half of the reduction of principal of the mortgage which her payments accomplished. The residence property was owned by the parties as tenants by the entirety. Upon divorce they owned it as tenants in common, under § 689.15 Fla. Stat., F.S.A. As such, each had the burden of discharging one half of the obligations thereof. Walker v. Sarven, 41 Fla. 210, 25 So. 885. The wife was under no duty to assume and pay the husband's half of the charges against the property for items such as mortgage interest, taxes, insurance and repairs. For the period she pays the same during pendency of the cause or after decree she should be entitled to credit for the portion thereof allocable to the husband's interest, to be determined and allowed upon sale of the property. See Williams v. Clyatt, 53 Fla. 987, 43 So. 441; Albury v. Gordon, Fla.App. 1964, 164 So.2d 549; Johnson v. Johnson, Fla.App. 1965, 179 So.2d 112. Accordingly, upon remand the decree should be modified as indicated.
By a cross appeal the appellee husband makes a number of contentions. One is that the court committed error in ordering that the husband should provide the wife with a new car every three years, and that he supply for her benefit a major medical insurance policy. We find no error in the provision for the medical insurance policy. It would have been appropriate to require the husband to pay major medical expenses, and the furnishing of an insurance policy to cover these could be a less expensive alternative. However, we are in agreement with the contention of the appellee that the requirement that he furnish the wife with a new car every three years, without limitation, was improper as amounting to an expense imposed on the husband not justified by the record. The trial judge found that the needs of the wife included a need to have an automobile supplied for her use. But in our view the court was in error in requiring the husband to furnish her with a new car every three years. See Peteler v. Peteler, Fla.App. 1962, 145 So.2d 291. If the wife is now furnished with an adequate automobile, it will be time enough to require a replacement when there is a showing of need therefor, and for determination then by the court as to the kind and condition of car required to satisfy her need at that time. On remand the decree should be modified accordingly with respect to that item, with a provision that jurisdiction be retained with reference thereto for the purposes indicated.
We are not persuaded, as the appellee husband contends, that the court's allowance of attorney's fees, together with $450 which was paid to the attorney at the outset from a joint checking account of the parties, was excessive, or that the allowance included an excess amount as "punishment" of the husband. We also reject as without merit the contention of the husband that the court erred in requiring that he pay a bill relating to air conditioning, incurred after he had moved from the home.
For the reasons stated the decree and order appealed from are affirmed in part and reversed in part as and in the respects set out hereinabove, and the cause is remanded with direction that the decree and order appealed from be modified and revised as indicated and required to conform to our holdings in this opinion.
Affirmed in part and reversed in part and remanded.