CARROLL, DONALD K., Judge.
The defendant-counterclaimant in an action for divorce has appealed from a final decree entered by the Circuit Court for Gulf County granting the divorce and awarding to her the care and custody of the parties’ minor child.
*219 The principal questions presented for our determination in this appeal concern the validity of several provisions in the said decree: the failure to require the plaintiff to make certain mortgage payments, the sufficiency of the award for child support, the failure to make provision for permanent alimony, and the provision concerning visitation rights of the plaintiff. No question has been raised in this appeal as to the validity of the divorce.
It would serve no useful purpose to detail here the voluminous and conflicting evidence adduced by the parties with reference to the foregoing provisions of the final decree. Suffice it to say that we have examined that evidence and found that it reasonably supports the decree. This statement calls into play the basic and established rule which we described as follows in Cole v. Cole, 130 So.2d 126, 127 (Fla.App. 1st, 1961) :
“The oft-stated and long-established rule in Florida is that on the appeal of an equity suit, ‘where the evidence reasonably supports the findings of the chancellor, his conclusions thereon will not be disturbed.’ Phifer v. Phifer, 1936, 124 Fla. 223, 168 So. 9, 10. See also Baker v. Baker, 1927, 94 Fla. 1001, 114 So. 661; Welch v. Welch, 1933, 112 Fla. 590, 152 So. 173, and Stoneburg v. Stoneburg, 1935, 120 Fla. 188, 162 So. 334. In justifying this rule with the goal of the courts to ascertain the truth, it is sometimes pointed out that in an equity suit the chancellor, like a jury in an action at law, is the trier of the facts and as such has heard the testimony of the witnesses and observed their demean- or and conduct, elements which may affect the degree of credibility which should be accorded to their testimony, so surely the chancellor is in a better position to arrive at true findings of fact than appellate judges, who are confined in their consideration to the ‘cold’ typewritten transcript prepared by a stenographer.”
Similarly, in child custody cases the chancellor has a wide discretion, as the Florida Supreme Court said in Green v. Green, 137 Fla. 359, 188 So. 355 (1939):
“We are committed to the doctrine that the welfare of the child is the principal feature in determining custody, and that a very large discretion is allowed the chancellor in this respect, Frazier v. Frazier, 109 Fla. 164, 147 So. 464, although the exercise of such discretion is subject to review.”
On the subject of the denial of alimony, this court held in Reynolds v. Reynolds, 117 So.2d 16 (Fla.App., 1960) that, where the equities of the cause were found to be with the husband (as impliedly held here) the chancellor would have been warranted in denying alimony altogether.
Applying the foregoing rules to the final decree in the case at bar, we see no reason to disturb the chancellor’s holdings therein, as follows: granting to the plaintiff a divorce a vinculo matrimonii; awarding to the defendant the care and custody of the parties’ minor child, with visitation privileges to the plaintiff, requiring the plaintiff to pay to the defendant $20 a week for child support; and awarding the defendant’s attorney’s fee and costs against the plaintiff.
We are concerned, however, with the provisions of the decree which awards the use of the marital home to the defendant for her and the child’s use, because of the argument made by the defendant under her first point on appeal, namely: whether the chancellor “erred in failing to provide that the plaintiff make the monthly mortgage payments and taxes and insurance on the home of the parties, together with the monthly payments on the furniture and fixtures located therein, by way of alimony to defendant, or increased support payments to the child of the parties, when the plaintiff’s equity in said property is enhanced equally with the defendant on each payment by the defendant on said property.”
*220 In the decree the defendant was awarded “the exclusive use and possession of the parties’ marital home and the household furnishings and effects therein * * *” except for certain enumerated household furnishings and effects. The parties’ residence property and its furnishings were owned by them in an estate by the entire-ties during their marriage and, pursuant to Section 689.15, Florida Statutes, F.S.A., the said properties were owned by them as tenants in common upon the entry of the final decree.
The defendant argues that, under the final decree, if she is to avail herself of the use of the home for herself and the child, she would have to pay $114.63 monthly on the home mortgage, $32 a month for the carpet installed therein, $16 monthly for the furniture, and $7.33 monthly for insurance on the home, making a total of $169.96 monthly, not including the taxes on the home, while the plaintiff is only required to pay $20 a week (for child support), and his equity in the property, as a tenant in common with the defendant, is being enhanced by the payments she makes.
While the final decree does not specifically require the defendant to make the whole of the above payments with regards to the parties’ home and contents, we think that the situation is comparable to that confronting the Third District Court of Appeal in Lyons v. Lyons, 208 So.2d 137 (1968), a divorce case, in which our sister court said:
“Regarding the residence owned by the parties, which the wife and children were permitted to continue to use and on which the wife was required to pay all expenses including the mortgage payments, we find merit in the appellant’s contention that the court erred in holding that on sale thereof she would be entitled to a credit against the husband only for one half of the reduction of principal of the mortgage which her payments accomplished. The residence property was owned by the parties as tenants by the entirety. Upon divorce they owned it as tenants in common, under § 689.15 Fla.Stat., F.S.A. As such, each had the burden of discharging one half of the obligations thereon. Walker v. Sarven, 41 Fla. 210, 25 So. 885. The wife was under no duty to assume and pay the husband’s half of the charges against the property for items such as mortgage interest, taxes, insurance and repairs. For the period she pays the same during pendency of the cause or after decree she should be entitled to credit for the portion thereof allocable to the husband’s interest, to be determined and allowed upon sale of the property. See Williams v. Clyatt, 53 Fla. 987, 43 So. 441; Albury v. Gordon, Fla.App.1964, 164 So.2d 549; Johnson v. Johnson, Fla.App.1965, 179 So.2d 112. Accordingly, upon remand the decree should be modified as indicated.”
We cannot tell from the final decree before us whether the chancellor in entering it was aware of the principles and considerations reflected in the above quotation from the Lyons case. We are also quite conscious of the fact that in a case of this kind a chancellor may properly make one provision in a divorce favorable to one party and counterbalance this by including a provision favoring the other party, in order to achieve an over-all equitable solution in the light of the circumstances shown by the evidence.
For the foregoing reasons the final decree appealed from herein is remanded to the Circuit Court with instructions to reconsider its final decree in accordance with the views hereinabove set forth.
It is so ordered.
WIGGINTON, C. J., and RAWLS, J., concur.