PER CURIAM.
Sonya Harris filed a complaint for separate maintenance against her husband, Erwin, and charged him with extreme cruelty. His answer denied these allegations and his counterclaim for divorce charged Sonya with extreme cruelty. After a final hearing the trial court denied Sonya’s complaint for separate maintenance and granted a final decree of divorce to Erwin. The final decree also made a disposition of certain property, real and personal, and contained alimony, child support, custody and other provisions. The wife, Sonya, has appealed from the final judgment of divorce.
Her first point on appeal challenges the sufficiency of the evidence and corroboration to support the divorce. She claims that both are insufficient to support the award of a final decree of divorce to Erwin.
In our opinion it would serve no useful purpose to summarize the evidence concerning the financial and marital problems of the parties or the corroboration offered before the trial judge. We are of the opinion that the proof of the grounds and the corroboration were sufficient and proper to sustain the granting of a divorce. See Chaachou v. Chaachou, Fla.1961, 135 So.2d *369 206; Grossman v. Grossman, Fla.1956, 90 So.2d 115; Chisholm v. Chisholm, 98 Fla.1196, 125 So. 694 (1929); Hillyard v. Hillyard, Fla.App.1968, 212 So.2d 306; Martin v. Martin, Fla.App.1958, 102 So.2d 837; 10 Fla.Jur. Divorce § 40.
We have examined Sonya’s other points for reversal. They are well argued and persuasive. They do not, however, meet the appellant’s burden on appeal of showing that the trial court abused its discretion, Lyons v. Lyons, Fla.App.1968, 208 So.2d 137; or overcome the presumption of correctness which attaches to such a final decree. O’Dell v. O’Dell, Fla.App.1967, 204 So.2d 734.
We do find that one point argued by appellant requires comment. The final decree granted Sonya the right to remain in the marital home and required that she “make payments and keep current all mortgage payments, taxes, insurance and other utility expenses and the upkeep of said home” as long as she remained there. Sonya says this was reversible error under the authority of Lyons, supra.
This overlooks the fact that this final decree divided certain monies of the parties and placed one-half of these monies into a trust account with which Sonya was to pay the mortgage payments, taxes and insurance on the marital home. Under this arrangement there will be no legal requirement for Sonya to use any of her personal funds for payments on the marital home until the trust funds provided under the final decree for this purpose are exhausted.
In Lyons, supra, it was held that the final decree was erroneous in holding that on the sale of the residence of the parties the ex-wife would be entitled to a credit against the ex-husband of only one-half of the reduction of the principal of the mortgage although she was required to pay the same. It was pointed out therein that she should also be entitled, on sale, to a proper credit for mortgage interest, taxes, insurance and repairs allocable to her ex-husband’s interest.
In the final decree on appeal here no provision is made for the sale of the marital residence or for credits to anyone for payments or obligations required on the marital property. When a sale occurs, those matters may properly be raised and decided, if the parties cannot agree, as the trial court has retained jurisdiction over the parties and the subject matter. Cf. Meckler v. Weiss, Fla. 1955, 80 So.2d 608.
The final decree is, therefore,
Affirmed.