PEARSON, Chief Judge
(dissenting in part).
While I agree that the final judgment finally determined the question of alimony, I would hold that the trial court did have jurisdiction to consider the appellant’s rights in the former marital home. The final judgment contained the following reservation as to the marital home:
“5. The parties, as tenants by the entirety, have owned what was once their marital home, located at 13340 N.W. Miami Court, Miami, Florida 33168, there being outstanding a mortgage encumbering the property, payable at $57.00 per month on an amortized basis. Title to the home, together with furniture and fixtures located therein, shall remain in joint names of the parties, but Plaintiff is granted the exclusive use of said property, both real and personal, so long as Defendant’s obligation to support the child of the parties; namely, MICHAEL BRUCE COMCOWICH,' remains according to the terms hereof, after which time either party may petition this Court for such further relief as may be appropriate. The parties may, however, dispose of this property in such other manner as they may mutually agree.”
I would hold that the former wife’s equity in the property was not cut off by this provision. Cf. Lyons v. Lyons, Fla.App. 1968, 208 So.2d 137.