383 So.2d 1171 (1980)
Hicks Sumner ALLEN and Edna Sumner Childs, Appellants,
v.
ST. PETERSBURG BANK & TRUST COMPANY, a Corporation Organized and Existing under the Laws of the State of Florida, Appellee.
No. 79-2006.
District Court of Appeal of Florida, Second District.
June 4, 1980.
William H. Carey of Carey & Harrison, St. Petersburg, for appellants.
Stephen C. Chumbris of Harrison, Greene, Mann, Rowe, Stanton & Mastry, and Edward A. Linney of Linney & Linney, St. Petersburg, for appellee.
RYDER, Judge.
Appellants challenge a final judgment quieting title in favor of appellee, and allege that the lower court erred in applying the Marketable Record Title Act (MRTA), Section 712, Florida Statutes (1979), to terminate their interest. We affirm.
Appellants' ancestor and appellee's predecessor in title were mother and son who co-owned the subject property. The co-owners failed to pay taxes, and the state acquired title to the land. In 1944, the trustees of the Internal Improvement Fund conveyed the land by Murphy Act deed to appellee's predecessor only. Appellee began this action in 1979, alleging that the MRTA eliminated any interest claimed by appellants.
The effect of a tax deed to one of two prior co-tenants is simply a payment of taxes; the purchasing co-tenant's interest is not enhanced except for the amount of taxes paid plus interest. Johnson v. Johnson, 179 So.2d 112 (Fla. 2d DCA 1965); Albury v. Gordon, 164 So.2d 549 (Fla. 3d DCA 1964); Taylor v. Taylor, 97 So.2d 323 (Fla. 2d DCA 1957). Thus, appellants' ancestor maintained her interest in the land after the tax deed was recorded. At issue is whether that interest survives operation of MRTA.
MRTA operates to correct defects in title by creating a marketable record title when the public records disclose a record title transaction affecting the title to the land which has been of record for not less than thirty years. Section 712.02, Florida Statutes (1979). A title transaction is defined as "any recorded instrument or court proceeding which affects title to any estate or interest in land." Section 712.01(3), Florida Statutes (1979). Appellee's 1944 Murphy deed is outside the required thirty year period, and the title is marketable if the Murphy deed was title transaction as contemplated by MRTA.
*1172 Our supreme court has held a wild deed to be the basis of a root of title under MRTA. City of Miami v. St. Joe Paper Company, 364 So.2d 439 (Fla. 1978). Likewise, a forged deed can be a valid root of title. Marshall v. Hollywood, Inc., 224 So.2d 743 (Fla. 4th DCA 1969). Even void deeds to sovereignty lands held by the state of Florida can be a root of title to activate MRTA.[1]Odom v. Deltona Corp., 341 So.2d 977 (Fla. 1977). We hold that a tax deed is also a root of title under MRTA. The certainty of title necessary under MRTA requires that appellee's title be cured to the exclusion of appellants' interest.[2] Section 712.04, Florida Statutes (1979). Appellants could have maintained their interest by filing notice prescribed by Section 712.05, Florida Statutes (1979), within the thirty year period. The record below does not indicate such notice was filed.
AFFIRMED.
GRIMES, C.J., and CAMPBELL, J., concur.
NOTES
[1] See Commentary, The Public Trust Doctrine and Ownership of Florida's Navigable Lakes, 29 U.Fla.L.Rev. 730 (1977). These lands were in 1978 excepted from the operation of MRTA by statute. Section 712.03(7), Florida Statutes (1979).
[2] We note that none of the exceptions set forth in Section 712.03 were claimed by appellants.