COBB, Judge.
The appellants’ and appellees’ predecessors in title were co-tenants in the land at *213 issue. The appellants sued the appellees, seeking various relief, including partition. The appellees answered, raised several affirmative defenses, and counterclaimed to quiet title. The parties agreed that the only issue for the trial court’s determination was whether the marketable record title act (MRTA)[1] applies where a tax deed has been granted a co-tenant and the rights of third parties are not involved. Relying upon Allen v. St. Petersburg Bank & Trust Co., 383 So.2d 1171 (Fla.2d DCA 1980), the trial court found that MRTA did cut off the rights of such co-tenant, and granted a summary judgment in favor of the appel-lees.
The appellants argue that under equitable principles, a co-tenant cannot gain sole title to a co-tenancy by paying the taxes and obtaining a tax title. See, e.g., Johnson v. Johnson, 179 So.2d 112 (Fla.2d DCA 1965); Albury v. Gordon, 164 So.2d 549 (Fla.3d DCA 1964). Recognizing this equitable doctrine, the Allen court held that a co-tenant’s interest survives the issuance of a tax deed to a co-tenant, but that MRTA could extinguish that interest if timely notice was not filed pursuant to section 712.-05. 383 So.2d at 1171-72. The appellants’ attempts to distinguish Allen are unavailing. MRTA’s language is clear and broad, and its purpose is to allow persons to rely upon marketable record title as defined in section 712.02. We therefore apply the reasoning of Allen to the circumstances of this case. See also I.T.T. Rayonier, Inc. v. Wadsworth, 346 So.2d 1004 (Fla.1977).
The summary judgment in favor of the appellees is
AFFIRMED.

. Ch. 712, Fla.Stat. (1979).