436 So.2d 957 (1983)
Maude TRAVICK, et al., Appellants,
v.
Lucille PARKER, Edyth and Edwin Fernando, Individually and Edyth Fernando, Administrator Ad Litem, for the Estate of Lucille B. Parker, Deceased, Appellees.
No. 82-281.
District Court of Appeal of Florida, Fifth District.
July 21, 1983.
Rehearing Denied September 2, 1983.
Walter B. Dunagan, Daytona Beach, for appellants.
Walter W. Snell, Daytona Beach, for appellees, Edyth and Edwin Fernando.
SHARP, Judge.
The appellants appeal from the judgment denying their action to quiet title and for damages. We affirm because the Marketable Record Title Act (hereafter MRTA), sections 712.01-.10, Florida Statutes (1981), forecloses appellants' claim to the subject property.[1]
*958 The subject property was owned by Celia Braswell, who died August 6, 1930. She left no will, but she did have numerous children living at the time of her death. Appellant Travick and appellee Parker (deceased) were two of those children. On June 5, 1939, a tax deed to the property was issued to Sylvia Ross. On June 29, 1939, the property was quit-claimed by Sylvia Ross to Parker. Ross and Parker were strangers to each other. On December 27, 1974, Parker deeded the property to her daughter and son-in-law, Appellees Edyth and Edwin Fernando. Subsequently, Mrs. Parker died. Travick filed an action to quiet title and for damages, and she was later joined by two of her sisters and various descendants of the children of Celia Braswell.
MRTA "operates to correct defects in title by creating a marketable record title when the public records disclose a record title transaction affecting the title to the land which has been of record for not less than thirty years." Allen v. St. Petersburg Bank & Trust Company, 383 So.2d 1171 (Fla.2d DCA 1980). Appellants claim title to the property by virtue of being the heirs of Celia Braswell, who held the property by warranty deed. Parker's quitclaim deed from Ross, who bought the tax deed, was of record for thirty-five years before she conveyed the property to the Fernandos. It would appear MRTA applies in this case.
Appellants challenge the application of MRTA to this case on the premise that one co-tenant cannot gain sole title to the cotenancy by obtaining a tax deed. See, e.g., Johnson v. Johnson, 179 So.2d 112 (Fla.2d DCA 1965); Albury v. Gordon, 164 So.2d 549 (Fla.3d DCA 1964). In Allen, the court held that a co-tenant's interest survives the issuance of a tax deed to a co-tenant. However, the Allen court also held that MRTA could extinguish such an interest if timely notice was not filed pursuant to section 712.05[2]. In Hope v. Hope, 410 So.2d 212 (Fla. 5th DCA 1982), this court applied the reasoning in Allen in affirming the trial court's judgment that MRTA does apply where a tax deed has been granted to a co-tenant and the rights of third parties are not involved.
The application of the reasoning in Allen and Hope to the present case is even more compelling because Lucille Parker did not acquire her interest by a tax deed. The tax deed was acquired by Sylvia Ross, a stranger to Parker, who thereafter quitclaimed her interest to Parker. Thus, Parker's quitclaim deed properly serves as the root of title for the interest asserted by appellees, Mr. and Mrs. Fernando.[3] Since there is no evidence in the record that appellants filed timely notice under section 712.05, or that any other exceptions to the ripening of a root of title under MRTA are applicable, the quitclaim deed to Parker extinguished appellants' interest in the land. The judgment for appellants is
AFFIRMED.
DAUKSCH, J., and BROWNLEE, JACKSON O., Associate Judge, concur.
NOTES
[1] person having the legal capacity to own land in this state, who, alone or together with his predecessors in title, has been vested with any estate in land of record for 30 years or more, shall have a marketable record title to such estate in said land, which shall be free and clear of all claims except the matters set forth as exceptions to marketability in s. 712.03. A person shall have a marketable record title when the public records disclosed a record title transaction affecting the title to the land which has been of record for not less than 30 years purporting to create such estate either in:
(1) the person claiming such estate; or
(2) some other person from whom, by one or more title transactions, such estate has passed to the person claiming such estate, with nothing appearing of record, in either case, purporting to divest such claimant of the estate claimed.
§ 712.02, Fla. Stat. (1981).
[2] Under section 712.05, Florida Statutes (1981), a person claiming an interest in land may preserve it from extinguishment by filing for record a written notice during the thirty year period immediately following the effective date of the root of title.
[3] The quitclaim deed from Ross to Parker purports to remise, release and quitclaim all of Ross' interest acquired by the 1939 tax deed in the subject property, and it specifically states it does not apply to any rights in the property acquired by Ross in any subsequent tax sales.

[A] quitclaim deed can serve as a root of title if it evidences an intent to convey an identifiable interest in the land. If the deed itself specifically states what interest the grantors intend to convey it can constitute a root of title because in this instance the instrument itself purports to convey an interest in land.
Wilson v. Kelly, 226 So.2d 123, 128 (Fla.2d DCA 1969).